JULIA A. TIBBALS AND ANOTHER vs. JOEL JACOBS AND OTHERS.

Where a deed is delivered to a third person for the grantee, neither the presence of the grantee, nor his previous authority, nor his subsequent express assent, is necessary to make the delivery valid. Where the deed is beneficial to him his assent will be presumed in the absence of proof of his dissent.

The principle which makes the retention of possession of personal chattels by a vendor a badge of fraud, does not apply to the retention of possession of real estate by a grantor.

An agreement made in good faith that a grantee shall furnish a certain sum of money to pay the grantor's debts, that the grantor shall remain in possession and have the use of the property for his support, and that if it be not sufficient the grantee shall make up the deficiency, is a lawful contract, and the law infers no fraud from it. The question as to the fraudulent character of such an arrangement is wholly one of fact.

Where a grantor had conveyed his real estate under such an agreement, and was in possession, and a creditor had levied on the land and brought ejectment against the grantor and the grantee, it was held that the declarations of the grantor previous to the making of the conveyance, as to his fraudulent intent in making it, were admissible against him, but not against the grantee unless there was proof of his connection with the fraudulent intent.

EJECTMENT ; tried to the jury in the superior court on the general issue, before *Park, J.*

The demanded premises, previous to the 4th day of May, 1857, belonged to Joel Jacobs, one of the defendants, who on that day conveyed them by quit-claim deed to the other defendants, who were his children. The plaintiffs had since levied an execution on the premises and had them set off to them in satisfaction of it. On the trial the plaintiffs offered evidence to prove that Joel Jacobs conveyed the premises to his children for the purpose of avoiding the support of his wife, who was then living with him, (they being the children of a former wife,) that the children (except two who were absent) participated with him in the design, and that on the 22d of May, 1857, he removed all his furniture from his house and deserted his wife, making no provision for her support, and that she was from that time till her death supported by the plaintiffs, who were her children by a former husband ; their expenditures in her support constituting the claim on which the judgment was recovered which was afterwards levied on

the demanded premises.  The plaintiffs offered further evidence to prove, and the fact was not denied, that the deed was executed without the knowledge or assent of John Jacobs and Eleanor L. Hills, two of the grantees under it, and who were also defendants ; that the said John Jacobs was then at sea and knew nothing of the matter until his return some time after the execution and delivery of the deed, when he was informed of it and accepted the deed and paid his proportion of the consideration ; and that the said Eleanor subsequently ratified the contract in like manner, and paid her proportion of the consideration of the deed.   Upon the evidence in relation to these two grantees, the plaintiffs claimed that if the jury should find the facts as claimed by them, although the contract was entered into in good faith, still the deed, as against the plaintiffs as creditors, was void as to all the grantees, and that no subsequent ratification could validate it as against the plaintiffs ; but the court did not so instruct the jury.   The plaintiffs further claimed upon this point, and re_ quested the court to charge the jury, that if they found the facts on this point as claimed by the plaintiffs, the deed was void as against the plaintiffs as to so much of the property as was conveyed by it · to the said John and Eleanor ; but the court did not so charge the jury.

The plaintiffs further introduced evidence to prove, and claimed to have proved, that at the time of the execution of the deed there was a secret agreement between Joel Jacobs the grantor, and all the grantees, excepting John Jacobs and Eleanor Hills, that the grantees should pay the sum of $280, to enable the grantor to pay all the debts he then owed, which sum was paid and the debts satisfied, and that the grantor should continue in possession of the premises and have the use thereof during his life, for the support of himself and wife, and if the income should not prove sufficient for their support that the grantees should make up the deficiency ; and that in a portion of the premises the grantor had only a life estate ; and requested the court to charge the jury that if they found the facts as claimed by the plaintiffs upon this point, the conveyance was void as a matter of law, as against the plaintiffs, although entered into in good faith

Tibbals *v.* Jacobs.

The court did not so charge the jury, but left the question to them as a question of fact, whether from all the evidence in the case there was fraud or not. The plaintiffs further requested the court to charge that if they should find these facts as claimed by them, they might legally infer fraud, although they might find that the contract was in fact entered into in good faith. But the court did not so charge, but left the question to the jury as one of fact.

The plaintiffs offered evidence to prove that Joel Jacobs, the grantor, at the time of the commencement of the present action, was the party in actual possession of the premises, and that the conveyance was only colorable and fraudulent, and offered one of themselves to prove a declaration made by the said Joel not long previous to the execution of the deed, that he would dispose of all his property in such a manner that he could not be compelled to support his wife; which declaration was not made in the presence of any other of the defendants, nor was it claimed that it ever came to the knowledge of any one of them, nor did it appear nor was it claimed that any negotiations at the time had commenced for the sale of the land to the grantees. To the admission of this evidence the defendants objected, and the court rejected it.

The defendants offered evidence to prove that the consideration of the deed was the sum of $280 in money, and the future support of the grantor and his wife during their lives; that the grantees went into possession of the premises and rented the same and applied the avails thereof under the contract towards the support of the grantor and in part payment for the premises, and that the grantor in no other way derived any benefit from the property; and that the consideration paid by the grantees was full and adequate, and that the grantor was not indebted at the time to any creditors except those whom he paid from the $280.

The jury returned a verdict for the defendants, and the plaintiffs moved for a new trial for error in the rulings and charge of the court.

*Culver*, with whom was *Warner*, in support of the motion.

Tibbals *v.* Jacobs.

*Tyler* and *Phelps*, contra.

HINMAN, C. J. We have no difficulty with most of the objections taken by the plaintiffs' counsel to the rulings of the superior court. It is claimed, in the first place, that the court erred in not charging the jury that the deed of Joel Jacobs to Charles Jacobs and others, so far as it purported to convey an interest in the premises to John Jacobs and to Eleanor Hills at a time when they had no knowledge of the conveyance, was void, notwithstanding they both accepted it, and the terms upon which it was given, as soon as it was first brought to their knowledge. But this point is well settled the other way. It was last before this court in the case of *Merrills* v. *Swift*, 18 Conn., 257, and it is there held, as the result of an examination of the authorities, that neither the presence of the grantee, nor his previous authority to a third person to receive a deed on his behalf, nor even his subsequent express assent to it, is necessary to make the delivery of a deed valid; but where the deed is beneficial to him his assent will be presumed, unless [it] appears that he dissented. There was therefore no [error in] the ruling on this point.

In [the] second place, it is insisted that the court should have [charged] the jury that a secret understanding and agreement [between] the grantor and the grantees, that the grantor should [retain] the possession of the premises, and have the use and [income] thereof during his life, he having only a life estate in a portion of the property, rendered the deed void as matter of law. This claim can not be sustained. The rule of law in [respect] to the retention of personal property in the possession [of the] vendor after a sale, has never been applied to real estate. [And] where deeds are recorded, as with us, no good reason [can] be given for so stringent a rule. The true state of the [title] can always be known by reference to the town records by [all] who will take the trouble to examine them. If a grantee neglects to cause his deed to be recorded he subjects his land to a liability to attachment for the debts of his grantor, a consideration which is sufficient to secure the recording of the deed. Such an agreement, with other circumstances, may be evidence

Tibbals *v.* Jacobs.

of fraud, but to apply the harsh rule in respect to retention of possession by a vendor of personal property after a sale to real estate, would produce very great inconvenience with little corresponding benefit. This circumstance, with the other evidence in the case was properly left to the consideration of the jury, and there was no error in the omission to charge them on this head as required.

It was also claimed that the court should charge the jury that if any facts inferring fraud upon the contract between the grantor and the grantees, claimed to have been proved, that the grantor should be paid two hundred and eighty dollars to enable him to pay all his debts and that he should remain in possession of the property and have the use of it for his support and the support of his wife and if the income should prove insufficient for this purpose the grantees should pay the deficiency; although they might also find that the act was in fact entered into in good faith. But if the contract was lawful, as we think it was, and was done in good faith, it is a contradiction in terms to say that fraud may be inferred from it. There was no error therefore in the omission of the court to recognize this claim.

There was however a question of evidence in the case which we think was incorrectly determined. The grantor Jacobs, and his grantees, were the defendants in the suit. The grantor was also in possession under the grantees by virtue probably of the agreement made at the time the deed was executed. Now, as a defendant in possession, it was for his interest to retain his possession, and therefore his interest was to defeat the plaintiffs in this suit. Besides, if judgment went against him he was liable for costs. When the plaintiffs therefore offered to prove his declarations made previous to the execution of the deed under which he claimed, because he claimed under his own grantees, that he would dispose of all his property in such a manner as that he could not be compelled to support his wife, we do not see why they were not admissible against him at least, and whether against his grantees would depend upon whether there was evidence that they combined with him for such a purpose or not. Against

him they were strong evidence of just such a contemplated fraud as the plaintiffs claimed. And they could have been admitted as against him and excluded as against the others if there was no evidence to connect them with him in the unlawful intention. And as we think they should have been so admitted, we on this ground advise the superior court to grant a new trial.

In this opinion the other judges concurred.