HENRY M. CAMPBELL ADM'R. v. JOSEPH KUHN.

*Administrator cannot recover consideration for deed to insane decedent.*

A deed left unconditionally with a third person for the use of a grantee who is not under guardianship, and received by the grantee under circumstances indicating acceptance, is sufficiently delivered, and conveys title even although the grantee be of unsound mind.

45 MICH.—33.

Transactions that are neither void nor necessarily binding must stand until they are regularly assailed by some one whose position or interests warrant him in assailing them.

An administrator cannot waive a conveyance made to his decedent, either directly or indirectly; and if it is not avoided by the heirs who have the title by descent, he cannot sue the grantor to recover the consideration as if the transaction had been void. And if any of the heirs have reconveyed their interest to the grantor, the administrator is not concerned with the fairness of the latter's dealings towards them, but it is for the heirs to seek redress on their own complaint.

Whether an attempt to recover the consideration paid by a decedent for a conveyance of land does not demand a resort to equity where all persons interested may be made parties and all rights and liabilities safely adjusted—Q.

Error to Superior Court of Detroit. Submitted January 12. Decided April 13.

Assumpsit. Plaintiff brings error. Affirmed.

*Chas. M. Swift* and *Alfred Russell* for plaintiff in error.

*Otto Kirchner* for defendant in error. Lunatics can purchase *sub modo* (2 Bl. Com. 292) and their heirs can avoid the purchase: 2 Sugd. Vendors 122; Shelford on Lunatics 265; the conveyance is not void, as the grantor could not allege the grantee's incapacity: *Allen v. Berryhill* 27 Ia. 534: 1 Am. Rep. 309; and as the title descends to the heirs in case of the grantee's intestacy the conveyance could not be avoided without reconveyance: *Gibson v. Soper* 6 Gray 279; Tyler on Infancy 77; for effect of lunacy on contracts, see *Lincoln v. Buckmaster* 32 Vt. 658; *Molton v. Camroux* 2 Exch. 487 : 4 Exch. 17.

Graves, J. The court below, after hearing the evidence, directed a verdict for defendant, and the general question is whether the plaintiff is entitled to complain of this ruling.

Margaret Hack otherwise called Margaret Taufkirch died in March, 1870, and the plaintiff was appointed administrator in August, 1880. As shown by his testimony the plaintiff's case presents in substance the following state of facts.

In 1863 decedent placed $1276 in defendant's hands and received his note therefor; that she drew the amount down to $910; that in the summer of 1868 she fell into a state of *dementia* bordering on idiocy, and that whilst she was in that condition an arrangement was made by defendant with her by which he was to deed to her a house and lot on Sherman street in Detroit for the $910 remaining in his hands, the property being fairly worth that amount; that on the fourth of January, 1869, and in accordance with this arrangement, the defendant executed the deed and acknowledged it before Eugene Fecht and then delivered it to that gentleman to be by him delivered to decedent, and the note held by decedent for the money was returned to defendant; that the deed was placed on record and decedent, together with two of her children and Mr. and Mrs. Cuff, immediately proceeded to occupy the place, the latter acting as decedent's nurse; that after some few weeks decedent wanted to return to her former residence, and on this account such occupation was discontinued; that at her death in 1870 she left three children her sole heirs-at-law, and that two of them subsequently deeded their interest, more or less, to the defendant for a money consideration which he paid. There are some other incidents but they are not important on this inquiry.

The action is claimed to be for the recovery of the residue of the old deposit, and plaintiff's counsel has ingeniously arrayed the facts and has sought to place the defendant in the attitude of a debtor who is called on to make proof of payment by means of a regular transfer of land. The defendant, it is argued, must acquit himself by satisfactory proof of payment and hence must show that the transfer of the house and lot in exchange for the $910 was binding on the decedent. But this is scarcely a just theory. The plaintiff has found it to be impossible to get his case before the court without showing a state of facts not in unison with such view. When all refinements and all technicality are put aside, it seems to be the meaning of the proceeding to evade all questions of liability respecting the re-establishment of rights and interests as they were prior to the giving of the

deed, and by means of an action at law simultaneously avoid the conveyance and compel the defendant to refund the consideration.

In passing it occurs to observe that any attempts to deal with a transaction of this nature and which is complicated by such incidents as are here manifest, in an ordinary suit at law, must be attended by very serious difficulties, and that in case of the existence of any substantial cause for judicial interference it might be well to consider whether the remedy would not have to be sought in a court of equity where all persons interested could be made parties and all rights and liabilities be equitably and safely adjusted. For the purpose of this review the decedent's state of imbecility, as represented by the plaintiff must be admitted.

The first point requiring notice relates to the delivery of the deed; and in regard to this it is argued that, if the facts are viewed apart from the circumstance that decedent was imbecile, the law will not consider them as amounting to a delivery. Upon this question the authorities are decisive against the plaintiff. *Hosley v. Holmes* 27 Mich. 416; *Latham v. Udell* 38 Mich. 238; *Gardner v. Collins* 3 Mas. 398; *Gould v. Day* 94 U. S. 405; *Church v. Gilman* 15 Wend. 656; *The Lady Superior of the Cong. Nunnery of Montreal v. McNamara* 3 Barb. Ch. 375; *Concord Bank v. Bellis* 10 Cush. 276; *Regan v. Howe* 121 Mass. 424; *Hastings v. Merriam* 117 Mass. 245; *Buffum v. Green* 5 N. H. 71; *Merrills v. Swift* 18 Conn. 257; *Frost v. Peacock* 4 Edw. Ch. 678; *Tompkins v. Wheeler* 16 Pet. 106; *Tibbals. v. Jacobs* 31 Conn. 428; *Jones v. Swayze* 42 N. J. L. 279; *Mitchell v. Ryan* 3 Ohio St. 377; *Berry v. Anderson* 22 Ind. 36, 39; *Kingsbury v. Burnside* 58 Ill. 310; *Robinson v. Gould* 26 Iowa 89; *Kerr v. Birnie* 25 Ark. 225; *Farrar v. Bridges* 5 Humph. 411; *Wesson v. Stephens* 2 Ired. Eq. 557; *Doe v. Knight* 5 B. & C. 671.

It is next contended that the deed was prevented from taking effect in consequence of the want of proper understanding by decedent to make an intelligent acceptance. The final meaning and effect of this argument is that an idiot or

lunatic cannot take at all by deed. Such must be the result if an intelligent acceptance by the donee or grantee is necessary for the vesting of the title when the gift or grant runs to one in that condition. But the law is otherwise. Lord Coke says that "a man of non-sane memory may, without the consent of any other, purchase lands" (lib. 1, c. 1, § 1, 2b) and that "persons deformed having human shape, ideots, madmen, lepers, deafe, dumbe, and blinde, minors, and all other reasonable creatures, have power to purchase and retaine lands or tenements," (3b;) and see 2 Bl. Com. 291; 1 Stephen's Com. 441, 442; 2 Broom & Had. Com. (Am. ed.) 714; 2 Washb. R. P. (1st ed.) 567; 3 Bac. Ab. *Idiots and Lunaticks*, D; Touchstone, *Feoffment*, 204; *Grant*, 235. Alluding to this, Chief Justice Shaw observed that a good conveyance could be made by a deed-poll to a lunatic although the grantee would be under a legal disability to make a conveyance, and that the delivery to a third person unconditionally for the use of the grantee would give effect to the deed. *Concord Bank* v. *Bellis*, supra.

The rule of course may not apply to an instrument which goes further and assumes to impose a burden, liability or obligation on the grantee, and there is no occasion to inquire whether a deed would operate in case the incapable grantee were under guardianship. The transaction in question is the simple case of a deed-poll lawfully delivered to a third person unconditionally for the use of decedent and followed by circumstances inclining towards actual acceptance. The objection that the deed was wholly void is substantially answered by what has been said. It could not be so, and at the same time take effect as a conveyance. The authorities last cited are sufficient. The rule contended for would cause great hardship as well as mischief. A gift or grant unfettered by any condition, and however just and beneficial in itself (not being for necessaries) would, if made to a person not capable of expressing acceptance by intelligent action, be nugatory and totally unavailable to him. No grant or gift except for necessaries could vest in such a person in the absence of trust or guardianship.

The general rule is that transactions which are not necessarily binding are yet to be considered as standing until regularly assailed by some one whose position or interests entitle him in the view of policy or justice to assail them, and the cases where transactions are regarded as having no force at all as between any persons or any parties for any time whatever, are comparatively few and the present is not one. The title vested in decedent and at her death descended to her heirs, and admitting, though not deciding, that she might have maintained an action of this kind had she regained understanding, or that her guardian as lawful manager of her property and interests, in case one had been appointed, might have done so, and in each case on the ground that the action prosecuted by such a plaintiff to regain the consideration would in itself be a waiver or rejection of the grant, the circumstances are now wholly different. It will be conceded probably that the right to have back the money cannot exist, unless the transaction, which at the utmost is only voidable and not void, is actually avoided.

No one can at the same time insist that a contract is in force and is not in force, nor recover on a basis which his proceedings contradict; and whilst a voidable transaction remains unavoided it operates as one that is binding; and no action that contemplates it as one which has been avoided can be maintained. The result is that if the arrangement with decedent has been suffered to remain, which is a fact unquestioned, and if this action has no force to avoid it, a complete denial is necessarily implied of all right to recover what is sued for. Is there, then, any efficacy in this case to avoid that arrangement? The answer is obvious. The administrator has no power either directly or indirectly to waive the conveyance. The law casts the right on the heirs who have the title by descent (Coke on Litt. 2b, and Bac. Ab. *supra*) two of whom seem to have dealt with the premises in a manner wholly at variance with any right of avoidance.

An administrator has no commission from the law to intervene and by his election unsettle the landed possessions held by the heirs through inheritance, on the specific ground that

the ancestor, at the time when the property vested in him, was not of sound mind. Neither is it his province to proceed in disregard of the fact whether the heirs have or have not elected to abide by the grant, and sue to reclaim the purchase money.

As something has been said about the defendant's mode of dealing with the two heirs in obtaining their deeds it may be proper to observe that whether he acted fairly and justly therein does not concern the administrator and is not a question to be adjudicated in this action. Whatever grievance the heirs may have in that regard must be redressed on their complaint.

While disagreeing with the plaintiff we do not fail to recognize the skill displayed by his counsel.

Judgment must be affirmed with costs.

MARSTON, C. J. and COOLEY, J. concurred.

CAMPBELL, J. did not sit in this case.