Filed Dec. 14, 1889.

———————◆———————

No. 13,962.

ROLLET ET AL. *v.* HEIMAN.

*Avoid Deed of.*—A complaint by a judgment creditor, seeking to set aside a fraudulent conveyance, solely on account of the mental incapacity of the grantor, does not aver a good cause of action. The deed of an insane person can only be avoided by the grantor or his privies in blood or estate.

SAME.—*Suit to Set Aside a Fraudulent Conveyance.*— *What Constitutes a Good*

Rollet *et al. v.* Heiman.

*Complaint.*—A complaint to set aside a fraudulent conveyance, alleging that the conveyance was accepted by the grantee with knowledge of the fraudulent purpose, and as a mere volunteer, who has paid no consideration, is a good complaint, notwithstanding an averment of the mental incapacity of the grantor.

SAME.—*How Judged.—Isolated Averment.—Effect of.—Surplusage.*—A pleading is to be judged from its general scope and tenor. An isolated averment will not be permitted to control the general frame and tenor of the pleading. Such an averment must be treated as mere surplusage, and surplusage will not vitiate a pleading.

From the Vanderburgh Circuit Court.

*J. E. Williamson,* for appellants.

*D. B. Kumler, V. Bisch* and *G. F. Denby,* for appellee.

ELLIOTT, C. J.—Heiman, the appellee, is the judgment creditor of Joseph Rollet, one of the appellants. The facts stated in the second paragraph of his complaint are, in substance, these: The plaintiff recovered judgment against Rollet for $347, the judgment is unsatisfied, and the debtor has no other property subject to execution. At the time of the execution of the promissory note upon which the judgment is founded, Rollet owned real estate of the value of five thousand five hundred dollars, and he also owned personal property of the value of eight hundred dollars. He was the owner of this property on the 27th day of October, 1883, the note was executed on the 28th day of April, 1883, and the judgment on it was recovered on the 4th day of February, 1884. Rollet, by reason of the excessive use of intoxicating liquors, was incapacitated from engaging in ordinary business pursuits. Nurrenbarn is the brother-in-law of Rollet, and on the 27th day of October, 1883, induced the latter to convey to him all of his property. The deed was executed by Rollet and wife conveying to Nurrenbarn the real estate then owned by Rollet. The consideration for the conveyance was the promised payment of thirty-nine hundred dollars, and the assumption by the grantee of two mortgages on the property. The property was worth at least

three thousand dollars more than the price fixed. The consideration expressed in the deed was not paid by the grantee. The alleged payment of thirty-nine hundred dollars was, in fact, not made, but was pretended to be made by the release of debts due from Rollet to Nurrenbarn, which debts were mere fictions, having no existence. Immediately after the execution of the deed, Nurrenbarn made a gift of a great part of the personal property to Sophia Rollet, the wife of the judgment debtor. The conveyance was made with the intent to cheat, hinder, and delay the creditors of Rollet, and it was accepted by the grantee with full knowledge of all the facts.

The complaint is not well drawn. It contains much that is mere matter of evidence, and such matter obscures and weakens a pleading. We attach no importance whatever to the argument of the counsel that the complaint describes many badges of fraud, and is, therefore, good; for badges of fraud are simply matters of evidence, and in pleading it is the facts and not the evidence that must be alleged. The complaint contains matters which are not proper in a complaint by a judgment creditor to set aside a fraudulent conveyance, and these matters so confuse the pleading as to make it somewhat difficult to determine its character.

If the complaint sought simply to set aside the conveyance because of the mental incapacity of Rollet, we should be strongly inclined to hold that no cause of action was shown to exist in the judgment creditor. We believe the law to be against the right of a judgment creditor to set aside such a conveyance as fraudulent, for we think that the deed of an insane person can only be avoided by the grantor or his privies in blood or estate. *Price* v. *Jennings*, 62 Ind. 111; *Shrock* v. *Crowl*, 83 Ind. 243; *Campbell* v. *Kuhn*, 45 Mich. 513; *Breckenridge* v. *Ormsby*, 1 J. J. M. 236.

A pleading, as we have often held, is to be judged from its general scope and tenor, and so this complaint must be judged. Judging it by this established rule we can not allow

the isolated averment of Rollet's mental incapacity to control the general frame and tenor of the pleading. This averment, like those of matters of evidence, must be treated as mere surplusage, and surplusage will not vitiate a pleading. Our judgment is, that the complaint is to be regarded as one to set aside a fraudulent conveyance accepted by the grantee with knowledge of the fraudulent purpose, and as a mere volunteer who has paid no consideration.

Judgment affirmed.

Filed Nov. 2, 1889.