IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

NASHVILLE. DECEMBER TERM, 1907.

A. D. BRADFORD *et al. v.* MRS. H. L. CALHOUN *et al.*

(*Nashville.* December Term, 1907.)

1. **WILLS. Renunciation by devisee on the day the will is probated by a written instrument prevents the vesting of the devise.**

   The rule that it is optional with a devisee to accept the devise, however beneficial it may be to him, and that when he elects to renounce before any act on his part indicating an acceptance, the renunication will relate back, and will be held to have been made at the time of the gift, and will displace any levy of creditors that may in the meantime have been made, applies where a devisee renounces by an instrument executed on the day the will was admitted to probate and a few days thereafter acknowledged before the county court clerk and registered. (*Post, pp.* 54-60.)

   Cases cited and approved: Goss v. Singleton, 2 Head, 77; Hughes v. Brown, 88 Tenn., 582; Defreese v. Lake, 109 Mich., 421; Perry v. Hale, 44 N. H., 365; Burritt v. Silliman, 13 N. Y., 96; Bryan v. Hyre, 1 Rob (Va.), 94; Townsend v. Tickell, 3 B. & Ald., 31.

(53)                    [120 Tenn.

**2. SAME. Same. Renunciation before acceptance is not a voluntary or fraudulent conveyance as against existing creditors.**

A renunciation by a devisee for life, made on the day of the probate of the will, is not a voluntary conveyance, and is not void as against existing creditors, so long as there is no collusion with the remaindermen or residuary devisees by which he fraudulently receives a benefit for his renunciation, because the renunciation relates back to the date of the gift, and as he has never accepted the gift, he has had nothing that could be made the subject of a voluntary conveyance. (*Post, pp.* 54, 55, 60.)

FROM DAVIDSON.

Appeal from the Chancery County of Davidson to the Court of Civil Appeals, and by writ of certiorari from Court of. Civil Appeals.—JOHN ALLISON, Chancellor.

JAMES C. BRADFORD and ROBIN J. COOPER, for complainants.

WALTER STOKES, for defendants.

MR. SPECIAL JUSTICE HENDERSON delivered the opinion of the Court.

The bill in this case was dismissed by the chancellor. On appeal to the court of civil appeals, his decree was affirmed; and the case is before this court on *certiorari.*

Mrs. Lou H. Sneed died January 13, 1906, leaving a will by which, among other provisions, she devised to

her husband, Thomas H. Sneed, a life estate in certain land, with remainder to her sister and a niece. The will was admitted to probate January 17, 1906. On the same date Thomas H. Sneed, executed a paper which, after setting out the clause of the will making said devise to him, adds:

"It is my wish that the other members of the family who may be entitled to this property under the law may receive it. I therefore decline to accept anything under said will, and renounce the same *in toto,* so far as any interest coming to me is concerned, and leave it to descend under law to the parties entitled, free from any incumbrance on account of the provision in said will."

This paper was acknowledged before the county court clerk February 8, 1906, on which date it was registered. The parties had been married about five years, and had no children.

Prior to the death of Mrs. Sneed, and on January 11, 1906, defendant Mrs. H. L. Calhoun brought suit before a justice of the peace of Davidson county against Thomas H. Sneed, and on January 27, 1906, recovered judgment against him for $455.50. Execution was issued from this judgment February 3, 1906, and was on same day levied on the life estate so devised by the will to Sneed. The papers before the justice of the peace in the case were filed in the circuit court for condemnation, and order of sale was entered therein July 6, 1906. The bill is filed by the remaindermen in said land and all of the surviving heirs of the testatrix, seeking to

enjoin the sale of the property under said condemnation proceedings.

The court of civil appeals, in a learned opinion, one of the court dissenting, adopts what is said to be the old English common-law rule, which requires a renunciation of a beneficial devise of real estate to be by deed of record, and that court was of opinion that this is in accord with our system of registration, and would tend to the prevention of frauds. This is said to be so, especially when intervening rights of creditors are concerned.

This can be so only on the assumption that the devise, without more, and independent of the assent, express or implied, of the devisee, vests the estate in him, so that it can be divested only by deed, and, in order to avail against creditors, the deed must be registered.

In 3 Washburn on Real Property, 402, it is said: "An heir at law is the only person who, by the common law, becomes the owner of land without his own agency or assent. A title by deed or devise requires the assent of the grantee or devisee before it can take effect."

At page 700 of the same authority it is said: "It is hardly necessary to add that no one can make another the owner of an estate against his consent, by devising it to him, so that, if the devisee disclaims the devise, it becomes inoperative and goes to the heir."

On this subject the court says in *Defreese* v. *Lake,* 109 Mich., 421, 67 N. W., 506, 32 L. R. A., 744, 63 Am. St. Rep., 584: "It is said that a parol disclaimer

will not prevent the devisee from subsequently claiming the devise, and that the reason of the necessity of a deed grows out of the presumptive vesting of the devised interest in the devisee before entry. See *Perry v. Hale,* 44 N. H., 365. It is, in our opinion, illogical to say that a deed is necessary because of the presumption that the title has vested, when the title does not vest by a devise unless there is an acceptance. It would seem that the deed would be necessary only where the title has actually vested, which appears to depend upon acceptance. If it be admitted that the law will presume an acceptance, it is not a conclusive presumption; and, when it is shown to have been renounced, it is shown that the title did not vest, and apparently there would be no occasion for divesting a title that had not vested."

In 4 Kent, Com., 533, it is said: "An estate vests, under a devise, on the death of the testator before entry; but a devisee is not bound to accept of a devise to him, *nolens volens,* and he may renounce the gift, by which act the estate will descend to the heir, or pass in some other direction under the will. The disclaimer and renunciation must be by some unequivocal act, and it is left undecided whether a verbal disclaimer will be sufficient. A disclaimer by deed is sufficient, and some judges have held that it may be by a verbal renunciation. Perhaps the case will be governed by circumstances."

A number of ancient authorities on the subject are discussed in the case of *Bryan* v. *Hyre,* 1 Rob. (Va.), 94, reported also in 39 Am. Dec., 246, among them

*Townsend* v. *Tickell,* 3 B. & Ald., 31, in which it is said: "The law presumes that the devisee will assent until the contrary is proved. When the contrary, however, is proved, it shows that he never did assent to the devise, and consequently that the estate never was in him."

The same principle is held in *Burritt* v. *Silliman,* 13 N. Y., 96, 64 Am. Dec., 530, where it is said: "When it turns out that the estate has not been accepted, it remains in the original owner, precisely as if the conveyance has not been executed."

Quite a number of decisions of other States are cited by counsel; but it is not necessary to pursue the discussion of them. The tendency of our own decisions is along the line of those above referred to. In *Hughes* v. *Brown,* 88 Tenn., 582, 13 S. W., 286, 8 L. R. A., 480, Brown had been appointed trustee and required to execute bond. He failed to execute the bond. Some years afterwards he was sued as trustee, and in his answer disclaimed ever having accepted the appointment. It is held that his disclaimer, in the absence of acts indicating an acceptance, must be taken to relate back to the time of his appointment.

In *Goss* v. *Singleton,* 2 Head, 77, the question under consideration was with regard to the renunciation by persons named as trustees. The court, through McKinney, J., says: "It seems, in general, that every gift, by deed or will, or otherwise, is supposed *prima facie,* unless the contrary appears, to be beneficial to the donee.

Consequently the law presumes, until there is proof to the contrary, that every estate is accepted by the person to whom it is expressed to be given.    Hill on Trust (Ed. of 1854) 304, top.    But the law does not force any one to accept the gift of an estate, whether made in trust, or otherwise; and therefore it is competent for the person appointed trustee to refuse both the estate and the office attached to it, provided he has done no act to deprive himself of that right.    Id., 312.    The gift is not perfect until ratified by the assent of the donee; and a disclaimer of one trust operates as evidence that such assent was never given.    Id., 316.    There is some difference of opinion as to what shall be a sufficient disclaimer.    There are authorities which seem to maintain that a parol disclaimer of a gift, either by deed or will, of a freehold estate, is sufficient.    But, however this may be, it is well settled that the renunciation may be by deed, by matter of record, or any written instrument, or by answer in chancery.    Id., 316, 317.    And such disclaimer or refusal to accept the trust, whenever made, will relate back, and will be held to have been made at the time of the gift, if no act has been done to preclude the party.    Id., 313."

While that case related to the renunciation of a trust, we think that the same principle applies with equal, if not greater, force to the beneficial devisee.    The true rule, founded upon principle, is that it is optionary with the devisee to accept the devise, however beneficial it may be to him; and when he elects to renounce, before

any act on his part indicating an acceptance, his renunciation shall relate back, and will be held to have been made at the time of the gift, and will displace any levy of creditors that may in the meantime have been made. Surely that principle should apply to this case, since Sneed renounced the devise on the day that the will of his wife was admitted to probate.

It is insisted by learned counsel for defendant that this renunciation was made for the purpose of defeating the collection of the defendant's judgment, or, if not, it was in effect a voluntary conveyance and void as against existing creditors.    As it was optionary with Sneed to accept or renounce, it is immaterial what his motives were, so long as there is no collusion with the remaindermen or residuary devisees, by which he fraudulently receives a benefit for his renunciation; and there is no proof of this.    The renunciation is not a voluntary conveyance, void as against existing creditors, because, when he has properly renounced, the renunciation relates back to the date of the gift, and, as he has never accepted the gift, he has had nothing that could be made the subject of a voluntary conveyance.

It results that the decree of the court of civil appeals, affirming the decree of the chancellor, is reversed, and decree will be entered here making perpetual the injunction against the sale of the land in controversy under the order of condemnation in favor of the defendant against Sneed.    Defendant will pay the costs of this and the chancery court.