AMALIA FISCHER, EMILY A. FISCHER and FLORENCE H. TAYLOR

*v.*

HENRIETTA A. GERNDT and MATHILDA VOGELEY.

[Decided September 12th, 1922.]

1. The recording by a mother of an assignment of a mortgage to her daughters constituted a delivery to them which was accepted by them when they claimed the benefit of it upon learning of its existence more than twenty years later.

2. Where a mother assigned a mortgage to her daughters and had the assignment recorded, and the daughters knew nothing of it for twenty years, the presumption of payment after twenty years' repose was overcome.

---

On pleadings and proofs.

*Mr. John J. Fallon* and *Mr. Merritt Lane,* for the complainants.

*Messrs. Lichtenstein & Lichtenstein,* for the defendants.

LEWIS, V. C.

This is a bill to quiet title under the statute. *4 Comp. Stat. p. 5399.*

Prior to 1919 the land involved in the action was owned by Ernst Fischer, to whom it had been conveyed by his father, Henry Fischer, and his mother, Sophie Fischer, on May 16th, 1888. Two days after that conveyance the father died. The mother lived with Ernst Fischer for a year or more after the death of the father. After that they lived separate, the mother residing with her daughter, Henrietta A. Gerndt, one of the defendants. The other defendant, Mathilda Vogeley, is also a daughter of Sophie Fischer. There was another son, Henry Fischer, at the time of the death of the father. The mother, Sophie Fischer, died in 1911. The son, Ernst Fischer, died in 1919, seized of the property in question, and by his will it was devised to his wife, Amalia Fischer, for life, and at her death, to his children, who are the present complainants, Amalia Fischer and Florence H. Taylor, who continued in possession of the lands after the death of their father, Ernst Fischer. In February, 1921, they contracted to sell the land. The search disclosed a mortgage on record upon this land, made by Ernst Fischer and Amalia, his wife, to Sophie Fischer, the mother of Ernst, dated September 14th, 1888; and an assignment of that mortgage, dated January 29th, 1891, made by Sophie Fischer to her two daughters, Henrietta A. Gerndt and Mathilda Vogeley, the defendants herein. It was recorded on February 17th, 1891, in the register's office of Hudson county, in Book 54 of Assignments, at page 463. The mortgage was for $2,200; and by its terms was due September 14th, 1893, with interest.

The proofs show that neither of the defendants had knowledge of the assignment of the mortgage until the search upon the property disclosed it, and they were requested by the complainants to cancel the mortgage. This, however, they refused to do when it was brought to their attention and insisted that it should be paid.

The mortgage and the bond, which it secured, and the assignment of the mortgage, were found by Amalia Fischer in a tin box which had belonged to her husband, Ernst Fischer, after his death. There is no proof to show how they came into the possession of Ernst Fischer, except what may be in-

ferred from the fact that he was the administrator of his mother's estate; and the presumption that he obtained them from his mother's effects after her death. He told his sisters, the present defendants, when they sought information regarding their mother's estate, that she had left nothing. Counsel for complainants, however, argue that from his possession of these papers is to be drawn the inference that he had paid his mother the obligation which the mortgage secured; and that the mortgage had therefore been satisfied. But there is not a scintilla of direct proof to establish payment. Neither is there any direct proof of non-payment. Indeed, aside from the inferences, and the reasonable probabilities to be drawn from the meagre evidence presented, the whole case is vague and conjectural.

The complainants ask for the cancellation of the mortgage, resting their prayer for relief upon the well-established legal presumption of payment after the twenty-year period has elapsed unexplained. *Blue* v. *Everett,* 55 *N. J. Eq. 329.*

The defendants, however, assert that they were not in a position to seek or enforce payment of the mortgage during the twenty-year period, because they had no actual knowledge of the assignment to them by their mother until after that period had elapsed; but when they learned of the assignment of the mortgage to them, they at once claimed the benefit of it and insisted upon its payment.

My conclusions are that the recording of the assignment in the register's office constituted a delivery to the daughters, which was accepted by them when they claimed the benefit of it upon learning of its existence. The law presumes an acceptance by one for whose benefit a gift or grant is made. *13 Cyc. 570, 571; Jones* v. *Swayze, 42 N. J. Law 279; Lake Weaver, 76 N. J. Eq. 280; Rowley* v. *Bowyer, 75 N. J. Eq. 80.*

The English authorities uniformly sustain this view. *Exton* v. *Scott, 6 Sim. 31; Thompson* v. *Leach, 2 Vent. 198, 201; Clavering* v. *Clavering, 2 Vern. 473; Hope* v. *Harmon, 16 Q. B. *751 note b.; Fletcher* v. *Fletcher, 4 Hare 67:*

*Doe Garnons* v. *Knight, 5 B. & C. 671; Jeffries* v. *Alexander, 8 H. of L. 594.*

And there are numerous authorities to the same effect in this country. They are collected in *Fisher* v. *Hall, 41 N. Y. 416* (at *pp. 418, 423*).

Important among them are *Moore* v. *Houghton, 9 Allen 102, 105; Tibbals* v. *Jacobs, 31 Conn. 428; Harris* v. *Saunders, 2 Strobh. Eq. (So. Car.) 370; Young* v. *Guilbeau, 70 U. S. 636; Stewart* v. *Redditt, 3 Md. 67,* in which it was held that the mere recording of a deed is sufficient to constitute delivery and that the clerk holds as agent for the grantee.

I think that the delay in claiming payment of the mortgage is satisfactorily explained by the fact that the daughters were unaware of the assignment to them until the search disclosed it, and they were requested to cancel it; and that the presumption of payment after twenty years' repose is thereby overcome.

I do not find satisfactory evidence in the proofs showing payment of the mortgage. I am therefore constrained in this proceeding to hold that the complainants are not entitled to have the mortgage encumbrance removed as a lien upon their land. As to what the position of the present holders of the mortgage would be in the event of their instituting foreclosure proceedings I express no opinion.

I will advise a decree dismissing the bill.