[L. A. No. 16728. In Bank.—December 26, 1940.]

In the Matter of the Estate of ELLA W. KALT, Deceased. EARL D. KALT et al., Appellants, v. LEO V. YOUNGWORTH, as Administrator, etc., Respondent.

Wolfson & Swetow, Burnett Wolfson, Earl I. Swetow and Herbert Schwab for Appellant.

Leo V. Youngworth, *in pro. per.,* and J. Harold Decker for Respondent.

TRAYNOR, J.—In 1932 Ella Kalt died leaving a will in which she bequeathed the residue of her estate to her two sons, Earl Kalt and Stanley Kalt, after making certain minor bequests to their wives and to her grandchildren. Stanley Kalt was appointed executor by the probate court pursuant to the terms of the will. Shortly thereafter two actions on promissory notes were commenced against Stanley Kalt, in his individual capacity, and his wife Loretta, by Leo Youngworth, administrator of the estate of R. F. Goings. Writs of attachment were levied upon the interests of Stanley and Loretta Kalt in the personal property belonging to the estate of Ella Kalt. Youngworth secured judgments of $1121.38 and $1239.91 against the Kalts and had the abstracts of the judgments recorded. He secured the issuance of orders for the examination of the judgment debtors under supplementary proceedings; hearings were held but no satisfaction of the judgments was obtained. Some four years elapsed. Then in 1936 Stanley Kalt in his individual capacity executed a written instrument entitled ''Renunciation'', as did his wife Loretta Kalt. Both instruments were filed in the records of the probate proceedings. By these renunciations Stanley and Loretta Kalt renounced any interest which they had in the estate of Ella Kalt as heirs, legatees, or devisees. The findings establish that the Kalts filed the renunciations expressly to defeat the collection of the judgments; they freely admitted that they executed the renunciations ''because they realized that any share or interest which they might have in the estate and which would be distributed to them would be taken by the attaching creditor, and as long as they were going to lose it, they preferred to have Earl Kalt receive the share or interest in the estate which they, or either of them, might otherwise have.''

In 1937 Stanley Kalt filed his final report as executor of the estate of Ella Kalt and petitioned for distribution of the estate. The report and petition, referring to the renunciations, requested the court to distribute the residue of the estate to Earl Kalt, the remaining residuary legatee. The judgment creditor objected to the petition for such a final distribution. After a regular hearing the probate court issued a decree of distribution which gave no effect to the renunciations filed by Stanley and Loretta Kalt and provided that all personal property bequeathed to either or both of them under

the terms of the will should be delivered to the officer making the levy under the writ of attachment secured by Youngworth. From this order Stanley, Loretta and Earl Kalt have appealed.

There is thus presented to this court a question of first instance in this state: Whether a legatee under a will may defeat the claims of his creditors by renouncing his legacy. The courts in four states hold that the right of the donee or legatee to renounce is absolute even as against his creditors. (*Schoonover* v. *Osborne,* 193 Iowa, 474 [187 N. W. 20, 27 A. L. R. 465]; *Lehr* v. *Switzer,* 213 Iowa, 658 [239 N. W. 564]; *Bradford* v. *Calhoun,* 120 Tenn. 53 [109 S. W. 502, 19 L. R. A. (N. S.) 595]; *People* v. *Flanagin,* 331 Ill. 203 [162 N. E. 848, 60 A. L. R. 305]; *Bradford* v. *Leake,* 124 Tenn. 312 [137 S. W. 96, Ann. Cas. 1912D, 1140]; *In re Meiburg,* 1 Fed. Supp. 892 at 895; *McGarry* v. *Mathis,* 226 Iowa, 37 [282 N. W. 786]; *Gottstein* v. *Hedges,* 210 Iowa, 272 [228 N. W. 93, 67 A. L. R. 1218]; *Carter* v. *Carter,* 63 N. J. Eq. 726 [53 Atl. 160]; see 27 A. L. R. 477; 18 Cal. L. Rev. 298; 37 Mich. L. Rev. 1168; 43 Yale L. J. 1030.) They derive this rule from the theory that a man cannot be compelled to take property against his will, and the fiction that the renunciation "relates back" to the time the gift was made. (*Ibid.*) It is far from an absolute rule, however, for the courts have denied to the donee or legatee the right to renounce as against his creditors: (1) Where there has been a long delay before renouncing (*Crumpler* v. *Barfield & Wilson Co.,* 114 Ga. 570 [40 S. E. 808]; *Storm* v. *Wood,* 100 Kan. 556 [164 Pac. 1100]; *In re Howe's Estate,* 112 N. J. Eq. 17 [163 Atl. 234]); (2) Where there has been collusion between the debtor and those benefiting by the disclaimer (*Schoonover* v. *Osborne, supra; Bradford* v. *Calhoun, supra*); (3) Where the donee has caused his creditors to rely upon his apparent acceptance (*Daniel* v. *Frost,* 62 Ga. 697; *Lehr* v. *Switzer, supra; Ex parte Fuller,* 2 Story, 327 [Fed. Cas. No. 5,147]. See *Kearley* v. *Crawford,* 112 Fla. 43 [151 So. 293].)

Some courts have subscribed outright to the view that a legatee may not renounce his bequest to defeat his creditors. (*Estate of Buckius,* 4 Pa. Dist. Rep. 775; *Daniel* v. *Frost,* 62 Ga. 697; *Ex parte Fuller,* 2 Story, 327 [Fed. Cas. No. 5,147].)

■ Under the law of California at the time of the re-nunciations under consideration, every transfer of property made with intent to hinder, delay or defraud a creditor of the transferor was fraudulent and could be set aside or disre-garded by such creditor (Civ. Code, sec. 3439) provided he had a specific lien on the property or had prosecuted his claim to judgment. (Civ. Code, sec. 3441, now repealed; *Moore* v. *Schneider*, 196 Cal. 380 [238 Pac. 81]; *Thomas* v. *Lavery*, 126 Cal. App. 787 [14 Pac. (2d) 160].) Under the Uniform Fraudulent Conveyance Act now in force in this state no judgment or lien is necessary. (Civ. Code, secs. 3439, 3440.5, repealing Civ. Code, sec. 3441; Glenn, Fraudulent Convey-ances [Revised ed.], sec. 76.) The renunciations in this case were admittedly made to defeat the judgments obtained by re-spondent. They must therefore be regarded as fraudulent conveyances if they constituted transfers of property within the meaning of the act. (See Civ. Code, sec. 3439.01.) It thus becomes necessary to determine whether or not the legatees had an interest in the property which could be trans-ferred.

■■ In California, title to property passing by will vests in the legatee at the date of the death of the testator, subject to the possession and control of the personal representative during the administration and probate of the estate. (Prob. Code, sec. 300; *U. S. Fidelity etc. Co.* v. *Mathews*, 207 Cal. 556 [279 Pac. 655].) Therefore, a renunciation by the legatee after the death of the testator is in effect a trans-fer by him of the title he has acquired. By renouncing the legacy he conveys away the property as effectively as if he had assigned his interest to the ultimate recipient. In this state the assignment by a legatee of his legacy under a will during probate is a fraudulent conveyance ineffective as against the prior lien of a creditor. (*McGee* v. *Allen*, 7 Cal. (2d) 468 [60 Pac. (2d) 1026]; *Hopkins* v. *White*, 20 Cal. App. 234 [128 Pac. 780].)

Some jurisdictions hold that title to property does not pass by will to a legatee until he accepts. (Page, Wills (2d ed.), sec. 1233.) Nevertheless, when a testator dies, the legatee ob-tains a power, in itself a limited right of ownership (see 51 Harv. L. Rev. 1141 at 1159), to determine the ultimate dispo-sition of the property regardless of acceptance on his part. If

he makes no renunciation, the full title will vest in him when he acquires possession and control. If he chooses to renounce, he determines by that action that the title will pass on to some other heir or legatee. This power is essentially analogous to a general power of appointment under a will. ▮ It is well established that the donee of a general power of appointment cannot exercise it in favor of some third person, other than a *bona fide* purchaser for value, when the claim of his creditors would thereby be defeated. (A. L. I. Restatement of Property, Tentative Draft No. 7, sec. 452; Glenn, Fraudulent Conveyances [Revised ed.], sec. 158; see, also, cases collected and commented on in 22 Ill. L. Rev. 504.) If he attempts to do so the creditors may treat the exercise of the power as a fraudulent conveyance, provided the necessary factor of insolvency or intent to defraud is present. (*Ibid.*) This rule is applied though the debtor is given no interest in the property other than this general power of appointment and though the original donor of the power contemplated that the debtor-donee would probably exercise it in favor of someone other than himself. (Glenn, Fraudulent Conveyances [Revised ed.], sec. 158.) The debtor is in effect forced to exercise the power in favor of himself if he exercises it at all, and to accept the property even against his will. The principle that the exercise of a general power of appointment by a debtor may be a fraudulent conveyance as to his creditors clearly supports the rule we adopt in the present case that a renunciation of a bequest by a legatee may likewise be a fraudulent conveyance.

▮ A renunciation cannot serve to defeat the claims of creditors unless it is related back to the date of the testator's death. The fiction of "relation back" is occasionally employed to protect the rights of third parties. It cannot be invoked to destroy rights it was designed to protect without gross distortion. In the present situation its application would deprive the creditor of the renouncing legatees of the only means of satisfying his judgments, merely to yield a windfall to the ultimate recipient of the property.

▮ When bequests are detrimental courts sanction their renunciation by legatees as a matter of policy since no injury to creditors is involved. (*Healy* v. *Stevens*, 347 Ill. 202 [179 N. E. 535]; *Elwood Trust Co.* v. *Fritz*, 192 Ind. 58 [135 N. E.

145]; *Derry Bank* v. *Webster,* 44 N. H. 264; *People* v. *Flanagin, supra; In re Stone's Estate,* 132 Iowa 136 [109 N. W. 455, 10 Ann. Cas. 1033]; *In re Wolfe's Estate,* 89 App. Div. 349 [85 N. Y. Supp. 949].) In such cases they need hold only that the legatee can avoid the unwelcome burdens by making the renunciation. They need not advance the needless elaboration that the renunciation obviates an acceptance which would effectuate the bequest. The renunciation is itself adequate to relieve the legatee of burdensome property and there is no necessity to hold that he never acquired the property because he never accepted it. The doctrine that acceptance is necessary to effectuate a gift has given ready expression to the policy of enabling legatees to avoid detrimental bequests. Its convenience in this regard, however, does not make of it an absolute test for determining when property vests.

"There is no intrinsic difficulty in regarding a conveyance as effective to vest property in the grantee even before the latter has consented to receive it." (Tiffany, Real Property, 3d ed., sec. 1055, p. 253; Brown, Personal Property, sec. 50; Bogert, Trusts and Trustees, sec. 150, p. 447.) This principle is recognized by the majority of the courts, including those in California, when they hold that a beneficial gift is presumed to be accepted by the donee even without his knowledge or consent. (See Cal. Civ. Code, sec. 1059, subd. 2; *Neely* v. *Buster,* 50 Cal. App. 695 [195 Pac. 736]; *De Levillain* v. *Evans,* 39 Cal. 120; *Lehr* v. *Switzer, supra; Bradford* v. *Calhoun, supra.*) A beneficial conveyance to a person incapable of accepting, such as an infant or one who is *non compos mentis,* is "conclusively presumed" to be accepted in California (*Turner* v. *Turner,* 173 Cal. 782 [161 Pac. 980]) and in other jurisdictions. (*Staggers* v. *White,* 121 Ark. 328 [181 S. W. 139]; *Egan* v. *Egan,* 301 Ill. 124 [133 N. E. 663]; *Vaughan* v. *Godman,* 94 Ind. 191; *Campbell* v. *Kuhn,* 45 Mich. 513 [8 N. W. 523, 40 Am. Rep. 479]; *Fenton* v. *Fenton,* 261 Mo. 202 [168 S. W. 1152]; *Davis* v. *Garrett,* 91 Tenn. 147 [18 S. W. 113].) A conveyance in trust is usually held to vest the legal title in the trustee even without acceptance or knowledge on his part. (*Adams* v. *Adams,* 21 Wall. 185 [22 L. Ed. 504]; *Devol* v. *Dye,* 123 Ind. 321 [24 N. E. 246, 7 L. R. A. 439]; *Minot* v. *Tilton,* 64 N. H. 371 [10 Atl. 682]; *Gulick* v. *Gulick,* 39 N. J. Eq. 401; *Myrover* v. *French,* 73

N. C. 609; *Read* v. *Robinson* (Pa.), 6 Watts & S. 329; *Talbot* v. *Talbot,* 32 R. I. 72 [78 Atl. 535, Ann. Cas. 1912C, 1221]; *Furman* v. *Fisher,* (Tenn.) 4 Cold. 626 [94 Am. Dec. 210].) A deed of trust vests the equitable interest in the beneficiary without any knowledge or acceptance on his part in California (Civ. Code, sec. 2251; *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19 [54 Pac. 370]; *Cahlan* v. *Bank of Lassen County,* 11 Cal. App. 533 [105 Pac. 765]; *Sherman* v. *Hibernia Savings & Loan Soc.,* 129 Cal. App. (Supp.) 795, 798 [20 Pac. (2d) 138]) and elsewhere. (*Brooks* v. *Marbury,* 11 Wheat. 78 [6 L. Ed. 423]; *Security Trust & Safe Deposit Co.* v. *Farrady,* 93 Del. Ch. 306 [82 Atl. 24]; *Koch* v. *Streuter,* 232 Ill. 594 [83 N. E. 1072]; *Milholland* v. *Whalen,* 89 Md. 212 [43 Atl. 43, 44 L. R. A. 205]; *Boston* v. *Turner,* 201 Mass. 190 [87 N. E. 634]; *Marquette* v. *Wilkinson,* 119 Mich. 413, 414 [78 N. W. 474, 43 L. R. A. 840]; *Martin* v. *Funk,* 75 N. Y. 134 [31 Am. Rep. 446]; *Skipwith's Exrs.* v. *Cunningham,* 8 Leigh (Va.), 271, 272 [31 Am. Dec. 642]; A. L. I. Restatement, Trusts, sec. 36.)

A legatee is free to renounce even a beneficial bequest, so long as the rights of third parties are not involved. If, however, the claims of his creditors would thereby be defeated he cannot exercise the same freedom. His own wishes then become subservient to his obligations. A creditor who is legally entitled to set aside a fraudulent conveyance may exercise the debtor's right to contest a will even though the debtor himself does not wish to do so. (*Brooks* v. *Paine,* 123 Ky. 271 [90 S. W. 600]; *In re Langevin's Will,* 45 Minn. 429 [47 N. W. 1133]; *Bloor* v. *Platt,* 78 Ohio St. 46 [84 N. E. 605, 14 Ann. Cas. 332].) If the creditor contested the will successfully it would be ironic to leave the debtor free to renounce the ensuing benefits. A debtor may be compelled not only to retain his property for the benefit of his creditors, but to dispose of it for the same purpose. There is a like obligation upon him of which he may acquit himself without hardship, to avail himself of a bequest. The denial to the debtor of the right to renounce as against his creditors in fact benefits his own economic interests as well as those of his creditors. (18 Cal. L. Rev. 298, 302.)

We therefore hold that where, as in this case, a legatee renounces his bequest in fraud of his creditors, the probate

court should give the renunciation no effect in issuing the decree of distribution.

The order appealed from is affirmed.

Gibson, C. J., Curtis, J., Carter, J., Edmonds, J., and Shenk, J., concurred.

Mr. Justice Houser did not participate in the foregoing decision.