[Civ. No. 12410. First Dist., Div. One. July 20, 1943.]

FRANK W. BECKWITH, as Trustee in Bankruptcy, etc., Appellant, v. ROBERT A. BUGBEE, as Administrator, etc., Respondent.

Fletcher A. Cutler for Appellant.

Hill & Hill for Respondent.

WARD, J.—This action by plaintiff, as trustee in bankruptcy of Gladys L. Lyons (formerly Gladys L. Rothe, a minor), was brought for the purpose of impressing a trust upon certain real property alleged to belong to said minor, and in the hands of defendant Robert A. Bugbee, administrator of the estate of his wife, the minor's mother and guardian, and for an accounting.

The facts of the case are as follows: Upon the death of her husband Cordelia F. Rothe (who subsequently married defendant) was, on September 30, 1901, appointed guardian of the estate of their daughter Gladys, then about two years of age. The estate consisted of one-half the property of the deceased husband and father, the other half being distributed to his wife. Shortly thereafter Mrs. Rothe and her child left the State of Oregon, where her husband's estate had been probated, and wherein she had been declared the guardian of their child, and moved to the home of her parents in California, where she purchased the piece of farm property in dispute. There is testimony that the purchase was made by the child's guardian as an investment for her from funds belonging to her. The particular witnesses who gave evidence in support of this contention are the principal creditors in the bankruptcy proceedings and include plaintiff herein, trustee. It does not actually appear that the mother did not make the purchase from her own funds for herself, or with funds belonging to her and her daughter.

The records fail to show that the mother ever filed an account of her administration as guardian in the State of Oregon, or that she had ever been discharged as such. There is testimony, however, that when Gladys attained the age of eighteen, she and her mother reached a settlement of the guardianship matter in the county in which it was pending; the cash bond was returned to the guardian, and mother and daughter sold real property in Oregon which was owned by them jointly, divided the proceeds and apparently considered the guardianship terminated.

There is evidence that a close bond of affection existed

between mother and daughter; that the daughter lived at the home of her mother and step-father until she was twenty-nine years of age without paying anything for room and board; that at different times the mother gave the daughter sums of money for travel, clothes, etc., and advanced to her and her husband money with which to go into business.

The complaint herein specifically demanded judgment that the record title to the property be decreed to Cordelia F. Bugbee, deceased, in trust for her daughter Gladys L. Lyons, the true and lawful owner; that the administrator of the Cordelia F. Bugbee estate be directed to execute a deed to plaintiff as the trustee in bankruptcy of Gladys L. Lyons; that the property be sold for the benefit of the creditors of the bankrupt; that the administrator account for the profits derived from the property from the time of its purchase; that judgment be entered for the sum of $4,273.91, the amount distributed to the minor on the settlement of her father's estate with interest from the date of the appointment of her mother as guardian.

The court found that Cordelia F. Bugbee was at the time of her death the record owner of the property; that she had not purchased it for the minor with funds belonging to the latter and was not holding it in trust; that Gladys L. Lyons had not, with knowledge of her interest in the property, and with an intent to conceal the same from her creditors, omitted to include the same in her schedule in bankruptcy. The court further found that the action is barred by the provisions of section 343 of the Code of Civil Procedure.

The specific question involved in the first cause of action is based upon an allegation in the complaint that the farm property referred to was purchased with guardianship funds. The paragraph containing this allegation was found "not true" and "not sustained by the evidence." There is some evidence from which an inference might be drawn that the purchase in whole or in part was so made; also, as stated, that decedent, at about the time of the purchase said that she was buying the property for the child. It is appellant's position that this testimony is credible, probable, uncontradicted and unimpeached, and, therefore, must be accepted as proof of the above mentioned allegation of the complaint (See concurring opinion in *Stewart* v. *Silva,* 192 Cal. 405 [221 P. 191]). The credibility of witnesses, the accuracy of their recollection, etc., are matters for the trial court to decide.

Evidence tending to establish an issuable fact may not be arbitrarily disregarded (*Stewart* v. *Silva, supra,* p. 411), but in the event other evidence warrants a contrary conclusion, the failure to contradict it directly is unimportant. (27 Cal.Jur. 184; 8 A.L.R. 796; *Hinkle* v. *Southern Pacific Co.,* 12 Cal.2d 691 [87 P.2d 349]; *Market Street Ry. Co.* v. *George,* 116 Cal.App. 572 [3 P.2d 41].)

In the present case the trial court was called upon to decide not only the matter of the credibility of those appearing as witnesses, but the truthfulness of the statement claimed to have been made to them by decedent that the purchase was made from funds belonging to the minor. It was not entirely the credibility and the recollection of the witnesses over a long period of years that was passed upon, but whether in fact the decedent used the whole or part of the guardianship funds in the purchase of the property.

As against the claim of appellant trustee, the following facts appear: He and his wife, the witnesses to the alleged statement, are the principal creditors of the bankrupt; the time that elapsed between the making of such alleged statement and the trial of the cause was some thirty-seven years; that decedent had money of her own with which to buy the property; that decedent never informed her daughter that guardianship funds were used for the purpose; that the bankrupt did not list the property as an asset in the bankruptcy proceeding; that for thirty-five years the daughter made no claim to an interest in the property, although approximately half of that period elapsed after she attained her majority; that the guardianship bond was refunded to the guardian; that thereafter the mother and daughter sold certain property in Oregon and divided the proceeds; that during the many years the daughter lived with the mother she was supported, educated and received numerous sums of money from her for traveling and other expenses, the amount aggregating a sum greatly in excess of that received by her from her father's estate, and that after the daughter's marriage the mother borrowed money to assist her and her husband in conducting a hotel business. There is no evidence to support appellant's contention that if there was forgiveness on the part of the daughter of an indebtedness of the mother such forgiveness constituted a fraud on the creditors of the bankrupt, and there is no renunciation of a legacy such as would bring the case within the holding of *Estate of Kalt,* 16 Cal.2d 807 [108 P.2d 401, 133 A.L.R. 1424].

In brief there is no evidence which would compel the trial court to determine that the funds of the minor had been used in the purchase of the property. The evidence supports the claim of respondent that there had been a settlement between the guardian and ward many years before the indebtedness of the bankrupt to plaintiff or to his wife was incurred. ▮ Under the circumstances, the invocation of Code of Civil Procedure, section 343 to the first cause of action was proper.

What has been said herein disposes of any contention that subsequent to the ward attaining her majority any funds were held in trust for her by her mother, and therefore the second and third causes of action lack foundation. The present proceeding shows expenditures for the benefit of the daughter, as evidenced by checks, etc., greatly in excess of the amount of the trust fund. An order directing a further accounting would merely result in delay in settling the estate of decedent without possibility of benefit to plaintiff.

If there was no direct legal repudiation by decedent of a trusteeship, the continued acquiescence of the daughter worked an estoppel. Unless the appellant trustee in bankruptcy proved fraud—which does not appear, he is in no better position to maintain the action than the daughter. There is evidence showing repudiation, as the court impliedly found, and acquiescence in such repudiation many years before the present action was brought.

Some inconsistencies appear in the findings as to certain allegations of the complaint being true or untrue, the effect of which was to find certain conceded facts to be false, but there is no doubt of the correctness of the finding that plaintiff failed to establish that the property in question had been purchased with guardianship funds, and this is the main question in the case.

We agree, under all the circumstances of the case, that the action was barred by the statute of limitations under the provisions of Code of Civil Procedure, section 343.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 15, 1943.