Allen, J.
The point arising upon the first bill of exceptions has not been pressed in the argument here, and as there does not appear to be any thing in it, I shall pass it over, with the remark, that I think the opinion thereby excepted to was strictly correct.
*102 It is not very clearly perceived how the question propounded by the second bill of exceptions could arise under the will of Valentine Power. He devises his land upon a condition precedent. The estate could vest only by shewing a performance. To make out their case, it was incumbent on the lessors of the plaintiff to prove a performance by their ancestor of this condition. When this was shewn, his assent to the devise was thereby also proved. The estate, by his own act, vested absolutely in him, and could not be divested except in the mode prescribed by law. The only question (as it seems to me) arising on this branch of the case was, Has the condition been performed ? If it has, the devisee, by performing, has accepted the devise, and the estate has vested. The case of Crewe v. Dicken, 4 Ves. 97. is somewhat analogous. There a conveyance was made to trustees, upon trust to sell, and receive the purchase money. One of the trustees conveyed and released to his cotrustee all his interest in the estate. If the trustee had'simply declined to act, and executed an instrument declaring his disclaimer, the estate would have vested in the other trustee. The release was considered as an instrument by a person thinking he had an interest to part with, and as furnishing evidence of his acceptance of the trust. If a party intending to refuse the trust could be held to have assented to the conveyance to himself, by the form of instrument he adopted to manifest his refusal, how much stronger is the case of the devisee or alienee upon a condition precedent, who shews a performance!
Supposing, however, that the question did properly arise, it seems to me there is no error in the instruction of which the defendant can complain. It is laid down in Co. Litt. 111. that “ in the case of a devise of lands whereof the devisor is seised in fee, the freehold or interest in law is in the devisee before he doth enter, and in that case nothing (having regard to the interest or *103 estate devised) descends to the heir.” The case of Thompson v. Leach, 2 Salk. 618. decided that a surrender immediately divests the estate out of the surrenderor, and vests it in the surrenderee ; for that although every grant implies a contract, yet a gift implies a benefit, and consent is presumed. But although the estate vests by presumption of law before entry, it is clear that a man cannot be compelled to take it against his own consent: and there must be some mode by which he may renounce and disclaim it. In the earlier cases it was held, with respect to an estate of freehold, that the disclaimer must be by matter of record. Butler and Baker’s case, 3 Co. Rep. 26. And the reason assigned is, that a freehold ought not to be easily divested, to the intent a tenant to the prcecipe might be the better known. In Townson v. Tickell &c. 3 Barn. & Ald. 31. the devisee in fee renounced and disclaimed by a deed, and it was decided that such a renunciation was sufficient. One of the judges states it as his opinion, that such disclaimer need not be either by matter of record or by deed. The case did not require a decision of this question, and the authority cited does not, as it seems to me, warrant the conclusion. The judge cites Bonifaut v. Greenfield, Cro. Eliz. 80. That was a devise to J. S. and three others, to sell, and these persons were made executors. One refused to meddle with the will, or sell. The other three sold in the lifetime of the fourth ; and the sale was sustained. The court said, the sale by the three was good either by the common law or the statute 21 Hen. 8. ch. 4.; that when the testator devised the land to four to sell, and made them executors, it was as if, at the first, he had devised that such his executors should sell; and in such case, by the common law, a sale by three, the fourth refusing, was good. In Co. Litt. 236 a. it is said that where lands are devised to the executors to be sold, the devise taketh away the descent, and vesteth the estate in the executors j and *104 that when he devises his tenements to be sold by his executors, it is all one as if he had devised his tenements to his executors to be sold. And in the same book, 112 b. 113 a. it is laid down, that where executors have but a naked power of sale, all must join, but where a man devises his lands to his executors to sell, and one dieth, the survivor may sell; in the one case it being a bare trust, in the other a trust coupled with an interest. This distinction has been questioned in modern times, but was the received law when the case in Cro. Eliz. 80. was decided. The devise there was of the land to the four persons named ; they were, in another part of the will, named as executors; and the court adjudged that it was the same as if at the first he had devised to his executors. The fact that the devise was to them by name in one clause, and that they were made executors in another, did not change their character ; and the land being devised to them to sell, they took, according to Colee, not a bare trust, but a trust coupled with an interest, in which case, by the common law, those who acted could sell. The decision proceeded upon the peculiar doctrines of the common law respecting the relation of executors to their testator’s estate, and has no application to a case like the one under consideration. The last case in which the question arose is that of Smith v. Smith, 6 Barn. & Cress. 112. in which there was a devise to one for life, who refused to take it, saying, she claimed the estate as heir at law, and would not accept any benefit by the will of the devisor. It was held that this was not such a disclaimer as prevented her from afterwards bringing her ejectment, and relying on her title as devisee. The court decided that this was not a disclaimer of any estate in the land, but only of benefit under the will, accompanied with the assertion of a right to the land by a higher and better title: that this proceeded under a mistake, and did not preclude the party from acting under her improved *105 judgment, and taking as devisee. They therefore did not determine whether such disclaimer should be by parol or deed ; for, in whatever form made, it must be a disclaimer of any estate in the land.
No case has been cited which establishes the doctrine that a parol disclaimer can be set up against the devisee claiming a freehold estate ; nor have I been able to find the rule so laid down in any of the elementary books, except Sheppard’s Touchstone. It is there said (p. 4-52.) that a verbal waiver is sufficient: but this position is controverted by Atherley the editor, who says that a verbal waiver would not be sufficient in relation to freehold estates. The authority referred to (Plow-den 543.) does not sustain the position taken in the text. That was the devise of a term, and involved the doctrine of the election of the legatee to take as executor or legatee. That the disclaimer of a freehold estate must be made in a court of record, is laid down in 4 Cruise tit. 32. ch. 26, and in S Vin. Abr. tit. Disagreement. And the only modification of the ancient rule is the permission to disclaim by deed. Upon authority, then, it seems to me that the disclaimer, to defeat the devisee claiming under the devise of a freehold estate, cannot be made by parol.
The policy of our laws wmuld seem to demand in this case an adherence to the common law rule, as modified by the more recent decisions. The records with us are relied on as disclosing the chain of title. The commonwealth (as it was properly remarked in argument) has an interest in the question, for the purposes of revenue. The law requires wills to be executed with certain solemnities ; and it would present a strange anomaly, if a devise, required to be in writing and executed with such solemnities, could be defeated, and in effect abrogated, by the testimony of a single witness proving some verbal disclaimer. Difficulties, too, would constantly present themselves in the practi *106 teal application of the rule. Should one.disclaimer con- | ¡elude the party r That would seem to be the necessary /consequence, since upon the disclaimer the estate passes heir. If so, testimony of some loose expression, c;arelessly uttered and imperfectly remembered, forgotten by the devisee as soon as pronounced, might defeat his estate. If more than one disclaimer is required, where is the limit, or when does the privilege of retracting determine ? By requiring the disclaimer tó be by deed, at least when set up against the devisee asserting his title under the will, these difficulties are avoided.
I think the judgment should be affirmed.
The other judges concurring, judgment affirmed.