Davidson et al. v. Seegar.

———

J. E. A. DAVIDSON, JUDGE OF COUNTY COURT, ET AL., APPELLANTS, vs. HESTER B. SEEGAR, ADMINISTRATRIX, ETC., APPELLEE.

1. Chapter 1752 of the Laws of 1870, providing that the Judges of County Courts shall be paid three dollars for each case docketed in their courts, is not repealed by either Chapter 1815 of the Laws of 1870 or by Chapter 1981 of the Laws of 1874.

2. An execution is a writ grounded on the judgment of a competent court, and cannot issue except upon an order, decree or judgment o such court, wherein the liability of the party is established.

3. The sale by a Sheriff of real property, by virtue of an execution unauthorized by law, and void upon its face, would not cast a cloud upon the title, and a Court of Equity will not interfere to restrain such sale, the law affording complete and ample redress.

4. Where an action cannot be sustained upon a conveyance, in the absence of rebutting proof, it cannot be said to be a cloud upon the title.

Appeal from the Circuit Court of Gadsden county.

On the 13th day of May, 1875, Hester B. Seegar, administratrix of, &c., of John F. Seegar, deceased, filed her bill of complaint against J. E. A. Davidson, Judge of the County Court in and for Gadsden county, and R. S. Tucker, Sheriff of said county of Gadsden. In such bill of complaint she alleges that about the 17th day of March, 1874, she commenced her suit in the County Court of Gadsden county against one James H. Sylvester, and at the May term of said court, in the same year, she recovered a judgment against the said Sylvester, in said action, for the sum of one hundred and nineteen dollars and seventy-five cents, for damages and costs; that the said J. E. A. Davidson demanded of her the sum of three dollars as a docket fee, which he claimed was due him because such suit was docketed in said County Court; that she refused to pay him the said three dollars; that thereupon the said Davidson, Judge as aforesaid, caused T. S. Stearns, the Clerk of Gadsden county, to issue an execution on the 26th day of April, A. D. 1875, directed to all and singular the Sheriffs of the State of Florida, commanding them that of the goods and chattels, lands and tenements of the said Hester B. Seegar, they cause to be made the sum of three dollars, the same being for costs (docket fees) of J. E. A. Davidson, Judge of the County Court of Gadsden county, in the suit of the said Hester B. Seegar, as administratrix, plaintiff, against the defendant in said suit, James H. Sylvester.

That the defendant, R. S. Tucker, as Sheriff of Gadsden county, by virtue of the said execution, levied upon 484 acres of land, in the county of Gadsden, being assets in the possession of Hester B. Seegar, as administratrix of, &c., of John F. Seegar, deceased, and had advertised the same for sale to satisfy the execution; that the sum of three dollars which the said Judge, J. E. A. Davidson, requires her to pay as a docket fee, is unauthorized by law and is illegal,

Davidson et al. v. Seegar.

and that if she were to pay the same she would make herself liable for that amount to the creditors and distributees of the estate of the said John F. Seegar, deceased, for a waste of the estate; that the issuing of the execution is unauthorized by law, and is illegal and absolutely void.

She prays an injunction against J. E. A. Davidson, Judge as aforesaid, and R. S. Tucker, Sheriff as aforesaid, enjoining and restraining them, their agents and attorneys, from proceeding to sell the real estate so levied upon, under or by virtue of the execution.

On the 18th day of May, 1875, J. E. A. Davidson, as Judge of the County Court, one of the defendants, demurred to the bill of complaint, upon the ground that the bill contains no matter of equity whereon the court can ground any decree or give the complainant any relief or assistance as against him.

On the third day of June the demurrer was overruled by the court, and a writ of injunction was issued in compliance with the prayer of the bill.

The defendant, J. E. A. Davidson, then answers the bill of complaint, admitting having caused the execution to issue, and that the same had been levied by the Sheriff, as the facts are charged in the complainant's bill, but denies that the said sum of three dollars, for which said execution issued, was unauthorized by law and illegal, averring that it was a legitimate demand under the laws of this State. He then suggests that the complainant be remitted to her redress at common law.

To this answer the complainant files a replication.

On the 26th January, 1876, the cause came on to be heard upon the pleadings, when a decree was rendered by the court, making the injunction perpetual, enjoining the defendants from enforcing the execution, and awarding costs to the plaintiff.

On the same day an injunction was duly issued in pursuance of such decree and the defendants took their appeal.

*Stephens & Love* for Appellants.

*John W. Malone* for Respondents.

V*an* VALKENBURGH, J., delivered the opinion of the court.

The first question which arises in the examination of this case is, does the law authorize the judge of a county court to demand and receive a docket fee of three dollars from the plaintiff for each case put upon the county court docket?

The Legislature of 1870, by an act entitled "An act to amend an act entitled an act for the pay of State Attorneys and County Judges, approved February 1, 1869," (Chapter 1752, in Section 2,) provides as follows:

"The judges of the county courts of the State of Florida shall be paid five dollars per day for each day of any term of the court, when not sitting as a court of probate, and three dollars for each case docketed; which fees shall be taxed as other costs."

It was evidently the intention of the law-makers to give to county judges this fee for each case docketed, subject, however, to the condition that such fee should be taxed as other costs were then taxed. The complainant, in this case, claims that this law has been repealed, and the right of county judges to this docket fee of three dollars taken away by Chapter 1815 of the laws of 1870. Section 1 of this act reads as follows:

"The following tariff shall be the fees and costs of all *officers herein designated*, and hereafter it shall be unlawful for any officer to charge or collect a greater sum of money than herein authorized to be charged for the *services herein designated*, or to make any charge whatever except that in this section prescribed."

This section fixes the probate fees of county judges, but does not purport to change the docket fee for causes in the county court. The office of county judge is not designated

in that section except with reference to his fees as probate judge. His duties as county judge, presiding at the county courts held in pursuance of law, with a well defined jurisdiction, were entirely dissimilar from those of probate judge, and his pay for services rendered as county judge was fixed by another statute. It is, by the statute above cited, made unlawful for any officer *named* therein to charge or collect for services *designated therein* a greater sum of money than is fixed thereby, and they are still further prohibited from making any charges whatever except such as are therein prescribed. By the repealing section, "all laws and parts of laws conflicting with the intent and meaning of this act" are repealed. It can hardly be claimed that the law giving to county judges the "docket fee" is in conflict with this act. The right to that "docket fee" is contained in a section of the law of 1870, which, by this very act, has been changed in part, while this provision is left unaffected.

We cannot see how this act takes from the county judge his right to charge for and receive this fee.

This view is further sustained by a consideration of the second section of the same act, which is as follows:

"SECTION 2. The county judges, while holding county court, shall be paid such per diem as the county commissioners shall prescribe, provided said per diem shall not exceed that now allowed by law." Had it been intended to repeal the law providing for the docket fee, such repeal would have been made by a proper change of this section, so as to have made that intent plain and intelligible, or it would have been specifically made in the first section by reference to the fees of county judges. As it is, this section simply gives to county commissioners the right to regulate the amount of the *per diem* in their respective counties, provided that it should not exceed the sum allowed by law.

By Chapter 1981 of the laws of 1874, a new fee bill was enacted, the first section being in these words:

"SECTION 1. That the following tariff shall be the costs

and fees of all *officers herein designated*, and hereafter it shall be unlawful for any officer to collect and charge a greater sum of money than herein designated and authorized to be charged for services hereinafter designated."

In this statute the only reference to the payment of the county judge *as* county judge is in the fourth section, by which his *per diem* for each day's service while holding court is fixed at five dollars, to be paid out of the county treasury, thus repealing the second section of the law of 1870 above referred to. "The probate fees of the judges of the county courts" are specifically named and fixed as they are in the law of 1870. The repealing section of this law reaches only "all laws heretofore enacted fixing and establishing fees and per diem for the officers for services or duties *named herein*, and all laws and parts of laws inconsistent with or conflicting with the provisions of this act." We cannot see that either of these statutes repeals the first above cited law of 1870, and that by the terms of that act the county judge is entitled to his fee of three dollars for each case docketed in the county court.

The next question which arises, it having been settled that the judge of the county court was entitled to his docket fee of three dollars, is, could such judge cause an execution to be issued by the clerk of his court against the plaintiff in the action so docketed for the collection of such docket fee?

An execution is a writ grounded on the judgment of the court from whence it issues and is supposed to be granted by the court at the request of the party at whose suit it is issued to give him satisfaction on the judgment which he has obtained. We know of no law which authorizes the issuing of an execution unless there be an order, decree or judgment of a court upon which such writ must be based. In this case the record discloses no such order, decree or judgment upon which the writ was issued. The bill of complainant alleges that "J. E. A. Davidson, judge as aforesaid, demanded of your oratrix the sum of three dollars as a docket fee, which he

claimed was due him, because said suit was docketed in said county court, but your oratrix refused to pay to him said three dollars, as she was advised that the same was not a legal and proper charge against her; and, thereupon, the said J. E. A. Davidson, judge as aforesaid, caused T. S. Stearns, the clerk of Gadsden county, to issue an execution on the 26th day of April, A. D. 1875, directed to all and singular the sheriffs of the State of Florida, commanding them that of the goods and chattels, lands and tenements of your oratrix, they cause to be made the sum of three dollars, the same being for costs (docket fee) of J. E. A. Davidson, Judge of the County Court for Gadsden county, in the suit of your oratrix as administratrix as aforesaid, plaintiff, against the said James H. Sylvester, defendant." This allegation is admitted by the appellant in his answer, and the execution appears to have been issued, not upon any order or judgment of a competent court, but upon a demand for three dollars, docket fee, allowed by law to the judge of the county court. The judge might have demanded a prepayment of said fee, provided it would not have amounted to a prevention of justice, of which there is no suggestion. Chapter 1752, Laws of 1870, Section 2.

The statute again provides that " when a bill of costs shall be taxed by the clerk and approved of by the judge of the court wherein the services have been rendered, it shall have the force and effect of an execution, and shall be collected by the sheriff as in other cases of execution, and it shall not be necessary to issue execution therefor." Thomp. Dig., 429.

If this docket fee had been included in the costs of the plaintiff arising in the progress of the action, taxed by the clerk and approved by the judge, it might have had, under this law, the force and effect of an execution in the hands of the sheriff. As this case appears upon the record, the judge had a demand against the complainant for his docket fee, which he could have enforced by proper proceedings in a court at law. No such proceedings have been had, and no

judgment has been entered or even sought for on the demand.

The appellant demurred to the bill of complaint, insisting that the court of chancery had no jurisdiction of the subject-matter, the appellee having an adequate and complete remedy at law.

The execution issued by the clerk of Gadsden county, by the direction of the appellant, was put into the hands of the sheriff of the same county, and by him levied upon four hundred and eighty-four acres of land. Such sheriff has advertised such land for sale at public auction by virtue of the said execution, and the appellee prays an injunction to stay such sale and the enforcement of said execution. Upon the simple statement of this proposition, it would seem that the court had jurisdiction, and that the complainant below had sought her proper remedy. This, however, depends, first, upon the question whether the execution was good upon its face, and would be a justification to the officer executing it by the levy and sale; and, second, whether the sale of the real estate, by virtue of such execution, would throw a cloud upon the title claimed by the appellee. We have already seen that the execution was not authorized by law, not being founded upon any order, decree or judgment of any competent court. If not authorized by law, and it was sufficient upon its face in form, teste, &c., to justify its execution by the sheriff, it would be voidable and subject to be set aside or vacated; but it does not purport to be issued upon a judgment of any court. It directs the sheriff " of the goods and chattels, lands and tenements of your oratrix (the appellee) they cause to be made the sum of three dollars, the same being for costs (docket fee) of J. E. A. Davidson, Judge of the County Court for Gadsden county, in the suit of," &c. This cannot be considered a writ of execution, issued in due form of law, and amounting to a protection to the officer acting under it. It purports to be issued " for costs, docket fee," naming no plaintiff, no judgment, showing upon its face its entire want of authority, and is, therefore, void.

Would a sale of real estate, by virtue of such an execution, cast a cloud upon the title of the appellee owning the same?

The purchaser at any such sale, in order to recover the possession in an action, must show a paramount title and right of entry under it. To effect this, the execution upon which the sale was made must be produced in evidence. Hartley vs. Ferrell, 9 Fla., 374.

This execution being illegal and void upon its face, founded upon no judgment of a competent court, would not justify the sheriff in the sale of the land, and his conveyance would create no cloud upon the title of the appellee.

In the case of Pixley vs. Huggins, (15 California, 127,) the Supreme Court of California lays down, as we believe, the true rule in all such cases:

" The true test, as we conceive, by which the question, whether a deed would cast a cloud upon the title of the plaintiff may be determined, is this: Would the owner of the property, in an action of ejectment brought by the adverse party founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary the cloud would exist. If the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court, as in the case of a deed void upon its face, or which was the result of proceedings void upon their face, requiring no extrinsic evidence to disclose their illegality. All actions resting upon instruments of that character must necessarily fail."

When an action cannot be sustained upon a conveyance in the absence of rebutting proof, it cannot be said to be a cloud upon the title. Van Doren vs. Mayor of New York, 9 Paige, 388; Wiggin vs. Mayor of New York, 9 Paige, 23; Livingston vs. Hollonbeck, 4 Barber, S. C., 16; Overing vs. Foote, 43 New York, 290; Meloy vs. Dougherty, 16 Wisconsin, 287; Fonda vs. Sage, 48 New York, 173.

The case of Budd vs. Long, 13 Fla., 288, establishes no principle in conflict with this opinion.

The decree must be reversed and the cause remanded, with instructions that the bill be dismissed for want of equity.

WESTCOTT, J., concurring.

I concur in the judgment rendered in this case. I cannot, however, agree with the court in the conclusion that Chapter 1752 of the Laws of Florida, in so far as it authorizes a docket fee to the county judge, is not repealed by Chapter 1981, Laws of Florida. The title of the act last named (Chapter 1981) is "an act to fix and regulate the fees and per diem of certain officers herein designated." The title of an act is, under the Constitution of this State, a part of the law, and we must look to it in part to determine the general purpose of the Legislature. (Cool. Con. Lim., 3d Ed., 141 to 151.) The county judge is an "officer designated" in the fourth section of this act, and the purpose and intent of the act was clearly to fix and regulate *all the compensation* of the officers named, whether that compensation consisted of fees or per diem, or both. This being so, the next question is, did the Legislature carry this, their clear intention, into effect? The first section of this act provides "that the *following tariff shall be the costs and fees of all officers herein designated,* and hereafter it shall be unlawful for any officer to collect and charge a greater sum of money than herein designated and authorized to be charged for services hereinafter designated."

The Legislature, in enacting "that the following tariff," by which is meant list, "shall be the costs and fees of all officers herein designated," established a list embracing all costs or fees which such officers could charge. I do not see how it is possible to escape this conclusion, if we construe this section with reference to the title. It certainly was not necessary that the Legislature should go further and in negative words enact that no other charges than those designa-

Davidson et al. v. Seegar.

ted in the act should be made by those officers. The affirmative declaration, to the effect that the fees and *per diem* of all officers designated in the act shall be the costs and fees in the tariff prescribed, is sufficient. No negative words are necessary.

The other clause of the section prohibits the officer from charging more for services designated in the list or tariff than the amount there fixed. The effect of the section is, therefore, first, to fix a list of all the fees or per diem which these officers can charge, and then prohibits a higher charge than those allowed for such services, thus accomplishing the object expressed in the title, which is " *to fix* " *the fees and per diem* of the officers designated in the act. This act is a revision of the several acts upon the subject of the fees and *per diem* of the officers named, and it is sufficient in such cases if the acts as revised are re-enacted in the act revising in full and at length, giving the whole law as revised. (Cool. Con. Lim., 151, 3d Ed.) Any law inconsistent with this revising act is repealed by the letter of the 15th section of this act, and any law giving other costs or fees than as prescribed therein is inconsistent with its provisions, as its purpose and effect is to limit the officers to the fees named. The acts here revised are repealed, in so far as they fix fees for the officers named, by the letter of the revising statute as well as by clear implication. If this is not so, the effect of the statute is only to give fees to all the officers therein named in addition to those before allowed by law. This certainly was not the purpose of the Legislature, and I think it is not its act.