HART *et al.*, executors, *vs.* HART.

A testator made the following bequest: " I give and bequeath unto my beloved wife, Diza, the sum of $600.00, to be paid to her immediately after my demise by my executors to be hereinafter mentioned. I also give and bequeath unto my said wife, Diza, the use and control of the two east rooms of my house in which I now live, together with the three beds, tables and other furniture belonging or usually staying in said rooms, during her natural life; also the privilege of the yard and garden. Also I give and bequeath to her my buggy and mare, and should the mare die, her place to be supplied by my executors. It is my will, and I further direct, that my two sons, William and Absalom Hart, in and for consideration of what I have done for them, do give my said wife, Diza, a decent support during her natural life, to keep the buggy devised above in repair, and supply a horse or mare for her to drive should the one devised above fail, and allow her to remain in my house as above devised, in peace and quiet. Should they fail or refuse to do so, I direct that the ordinary of said county, upon sufficient evidence of the fact, issue execution against my said two sons and sell enough of their property to give her the necessary support." The testator having died, his will was probated, and the two sons duly qualified as his executors. His widow brought suit against them, alleging that they had failed, in various ways, to comply with the directions of the testator in the item mentioned.

*Held,* 1. There was sufficient evidence to sustain a verdict for the widow upon the question as to whether the executors had allowed her to remain in the house in peace and quiet.

2. The widow was entitled to the use and occupation of the two rooms mentioned, but was not compelled to live there. The executors are charged with a decent support for her in accordance with her position in society at the time of the death of the testator, regardless of where she may reside; or at least she would have been entitled to money enough to have rented two rooms in some other locality, and to purchase suitable clothing and provisions for one in her station in life.

(*a*) She was also entitled to have paid her medical bills and bills for care and attention during her sickness, whether she resided in the rooms set apart in the will or not, and to a horse and buggy and provender for the horse, and if the horse left her in the will died, or was sold under execution against her for her medical bills, she was entitled to another.

3. The will does not place the obligation to support this widow upon the devise to the two sons of the lands which the testator bequeathed to them. It expressly states that this obligation is imposed in consideration of what the testator had done for them. Though, subsequently to making the will, the testator sold the land to them, he did not thereby revoke the bequest to his wife. As they accepted this trust and received other bequests besides the land, they will not be allowed to say that they are not liable to carry out that part of the will which gives a support to the widow.

4. It was not error to exclude from the jury a contract made between the testator and the sons after the execution of the will, in which it is set out that they had bought the land devised to them and obligated themselves to allow testator and his wife to occupy the two rooms mentioned as long as they should live, and to furnish them with board and reasonable clothing and pay their doctors' bills. The selling of the land by testator to his sons, and the making of this contract, did not revoke the bequest to the wife. She had rights under both will and contract, but elected to claim under the will.

December 3, 1888.

Wills. Legacies. Evidence. Before Judge LUMP-KIN. Glascock superior court. February term, 1888.

Reported in the decision.

JAMES WHITEHEAD, by J. H. LUMPKIN, for plaintiffs in error.

W. D. TUTT, by brief, *contra.*

SIMMONS, Justice.

Mrs. Eliza Hart sued William and Absalom Hart in Glascock superior court, alleging in her declaration that they were indebted to her $1,000.00 and interest. She states therein that she is the widow of Samuel Hart, who died in 1879. By the second item of his will, he made the following bequests :

"I give and bequeath unto my beloved wife, Diza, the sum of $600.00, to be paid to her immediately after my demise by my executors to be hereinafter mentioned. I also give and bequeath unto my said wife, Diza, the use and control of the two east rooms of my house in which I now live, together with the three beds, tables and other furniture belonging or usually staying in said rooms, during her natural life; also the privilege of the yard and garden. Also I give and bequeath to her my buggy and mare, and should the mare die, her place to be supplied by my executors. It is my will, and I further direct, that my two sons, William and Absalom Hart, in and for consideration of what I have done for them, do give my said wife, Diza, a decent support during her natural life, to keep the buggy devised above in repair, and supply a horse or mare for her to drive should the one devised above fail, and allow her to remain in my house as above devised, in peace and quiet. Should they fail or refuse to do so, I direct that the ordinary of said county, upon sufficient evidence of the fact, issue execution against my said two sons, and sell enough of their property to give her the necessary support."

She alleges that said will was duly probated, and that the defendants qualified as executors and entered upon their duties; that she remained some time in the house, as directed by the will, until her situation became so unpleasant on account of the treatment she received, that she was forced to remove; that the defendants failed to furnish her a decent support, and refused to provide her medical attention during her sickness, and allowed the horse and buggy to be sold for a medical bill, and had failed to provide her with another horse and buggy ; and that on account of their unkind treatment to her,

she was forced to leave the house in April, 1881, and
go to live with her two daughters. She alleged that her
support, from the time of her leaving the defendants,
up to the time she brought her suit, amounted to $1,000,
which defendants were bound under the will to pay her.
The defendants filed two pleas. They pleaded (1) the
general issue, and (2) that the second item of the will,
as to providing her with support, etc., was inoperative,
because the same was a charge placed upon them in con-
sideration of certain lands devised to them by the testa-
tor, which lands, after the execution of the will, were
conveyed to them by the testator by deed, and therefore
did not pass under the will; that if they were liable for
such support, etc., they were so only so long as the plain-
tiff remained in the house and continued to occupy the
two east rooms, but that she voluntarily and without
sufficient cause left said house about a year after testa-
tor died, and has not since returned, whereby she for-
feited her claim upon them so long as she continues to
remain away.

On the trial of the case, the jury returned a verdict
for the plaintiff. The defendants made a motion for a
new trial, upon various grounds set out therein, which
was overruled by the court, and they excepted.

1. One of the grounds of the motion is, that the ver-
dict was contrary to law and to the evidence. There
was no error in overruling the motion on this ground.
The theory of the defendants was, that if the widow had
left the house provided for her in the will without suffi-
cient cause, she was not entitled to recover anything;
and they alleged that they had supported her as long as
she remained with them, and they were still willing to
do so if she should return. The theory of the plaintiff
was that, under the will, the defendants were to allow
her to live there "in peace and quiet." The evidence

was conflicting upon these issues between the parties, she testifying that she had sufficient cause to leave on account of their conduct towards her, and they testifying to the contrary. The witnesses for both sides were before the jury. It was the province of the jury to judge of their credibility. They could see their manner and tone, and could judge of their bias and prejudice; and as they saw proper to believe the witnesses for the plaintiff, we will not interfere with their finding.

2. The next complaint is, that the court refused to give the following charge, as requested : "If plaintiff was kindly treated at the house of defendants and left there to visit her daughter of her own accord and without fault on the part of the defendants, and if defendants were at all times ready and willing to maintain her at their house and offered to do so, then plaintiff is not entitled to recover for board." The complaint is, that the trial judge struck out the word "board," and inserted in lieu thereof the words "lodging and use of house and furniture offered her by defendants," and then gave the request as altered.

There was no error in the alteration of this request to charge. The theory of the defendants throughout the trial, as disclosed by the record, seems to have been that this widow, their step-mother, was compelled, under the will, to live in the two rooms of the house described in the will, and that if she left there she forfeited her rights under the will. We do not think that this was a proper construction of this item of the will. Under the will, she was entitled to the use and occupation of two rooms of that house. We do not think it compelled her to live there. If she did not choose to remain in these rooms pointed out in the will, we think she was entitled to go elsewhere, and that she did not thereby forfeit her interest under the will. The will charges these sons and

executors with "a decent support" for her, regardless of where she may reside. She was not compelled by the terms of the will to reside with the family of either of these executors, nor to eat at their table. Under this item of the will, she could set up an independent establishment, and she would be entitled to a "decent support" in accordance with her position in society at the time of the death of the testator, her husband, or at least she would have been entitled to money enough to have rented two rooms in some other locality, and money enough to purchase suitable clothing and provisions for one in her station in life.

We think also that, under this item of the will, she was entitled to have her medical bills paid, and bills for care and attention to her during her sickness; and she was entitled to those things, in our opinion, whether she resided in rooms set apart for her in the will or not; and under this item of the will, she was entitled to a horse and buggy, and if the horse which the testator left her in the will had died, or had been sold under execution against her for her medical bills, she was entitled to another. Of course, if she was entitled to a horse, she was entitled to provender for the horse. This will dispose also of the complaint made in the 5th ground of the motion, and its subdivision.

3. Nor was there any error in refusing to give the charge as complained of in the 4th ground of the motion. This request was based upon the theory that the obligation to support the widow was placed by the will upon the defendants in consideration of the lands devised to them by the testator, and the testator having sold the land so devised in his lifetime, the same did not pass to the defendants under the will, and they were relieved, therefore, from the burden placed upon them by the will. There is nothing in the will, nor in

the evidence, to authorize this construction. The will does not place the obligation to support this widow upon the devise to them of the lands; it expressly states that this obligation was imposed in consideration of what the testator had done for them. While it is true that subsequent to the making of the will the testator sold the land to them, he did not thereby revoke this bequest to his wife. As the evidence shows that they accepted this trust and received other bequests under the will besides the land, they will not be allowed to say that they are not liable to carry out that part of the will which gives a support to the widow.

4. The sixth ground complains of the exclusion by the court of a certain contract made between the testator and his two sons after the execution of the will, in which contract it is set out that they had bought the land devised to them in the will, and were to pay a certain price therefor, and that they obligated themselves to allow the testator and his wife to occupy the two rooms mentioned in the will as long as they should live, and to furnish them with board and reasonable clothing, and pay their doctors' bills. There was no error in excluding this contract from the consideration of the jury. As we have before remarked, the selling of this land by the testator to his sons, and the contract signed by them, did not revoke this bequest to the wife, and if the contract had been in evidence, she would still have been entitled to her rights under the will. She could, if she had thought proper, have brought her suit upon this contract. She had rights both under the will and this contract; but she elected to claim her rights under the will. This contract, if it had been introduced in evidence, would not have benefited either party.

Judgment affirmed.