ORANGE BELT LAND EXCHANGE, INC., a Corporation Organized and Existing Under the Laws of the State of Florida, PAUL M. DRAWDY and ANNIE S. DRAWDY, *Appellants*, v. S. W. SPEER, *Appellee*.

Division A.

Opinion filed July 19, 1930.

*Gaines & Futch*, for Appellants;

*G. Way Gray* and *Maguire & Voorhis*, for Appellee.

ELLIS, J.—This is an appeal from a decree canceling a bill of sale to live stock, a Ford truck and dairy equipment which the bill of complaint alleges was executed by S. W. Speer, the owner of the property, and delivered to Arnie S. Drawdy and Paul M. Drawdy.

The bill of complaint exhibited by S. W. Spear prays for the cancellation of the bill of sale and an injunction against the defendants restraining them from asserting any right or title to the property and from molesting the complainant in his possession of the same. The defendants named in the bill are the Orange Belt Land Exchange, Inc., a corporation, A. S. Drawdy, Paul M. Drawdy, and Arnie S. Drawdy.

The bill, unnecessarily discursive, contains in minute detail the circumstances which the pleader contends constitutes the fraud from which the relief is sought. It in substance alleges that the Drawdys sought the complainant and induced him to sell his live stock, Ford truck and dairy equipment to them in consideration of four promissory notes in the sum of thirty-seven hundred and fifty dollars each executed by the Orange Belt Land Exchange Company to be secured by its mortgage upon certain lands in

Seminole County, which notes and mortgage they represented would be accepted at face value by the owner of a certain grapefruit grove which the complainant desired to purchase and for which he was willing to pay the difference between the fifteen thousand dollars of notes and mortgage which represented the price of his live stock and dairy equipment and the price of the grapefruit grove. The bill charges with some emphasis that the Drawdys solicited the complainant for a trade offering him several propositions which he refused but finally agreed that if the Drawdys would find for him a good orange grove upon which they could trade their own mortgage that he would try and arrange a trade with them.

It was the acceptance by the Drawdys of the proposition made by the complainant out of which this suit arose and in which the alleged fraud occurred. The bill alleges that the Drawdys found an orange grove in Polk County, owned by A. L. Marshall, who was willing to sell for $27,000 and who would accept a mortgage from the Drawdys on the Forrest City grove, owned by the defendants, in part payment. This was agreed to by the complainant. The bill alleges that in pursuance of that proposition that the bill of sale was executed by him and the notes and mortgage from the Orange Belt Land Company were delivered to him but the bill charges that when the parties came to a closing of the transaction Marshall refused to sell at the price agreed on and the complainant then declared that the entire transaction was off and propositions withdrawn and demanded a return of the bill of sale to him as well as a check for $1,000 which he had given to the Drawdys and offered to return the notes and mortgage of the Orange Belt Land Company which he held.

Then the Drawdys submitted a few days later a proposition in lieu of the one which failed. They represented that

they had found a grove owned by E. C. Lewis in Lake County that he would sell for $26,000 and accept the Orange Belt mortgage and notes in part payment. The check for $1,000 given by complainant on the Marshall proposition was returned to complainant who gave the Drawdys another check for $1,000 on the Lewis proposition, but it is alleged that the latter transaction failed through no fault of the complainant who demanded the return of his check and bill of sale and offered to return to the Drawdys the notes and mortgage of the Orange Belt Company. It is alleged that the defendants refused to comply with the request and on August 30, 1927, caused the bill of sale to be recorded in the public records of Orange County.

The Drawdys were charged with bad faith and fraudulent purposes in all these transactions; that their representations concerning Lewis and his willingness to sell and accept the notes and mortgage of the Orange Belt company as part payment were false and known to be so by the Drawdys who had never submitted to Lewis any such proposition as they had submitted to the complainant.

We do not agree with counsel for appellants that the bill is for the removal of a cloud upon the complainant's title to the live stock, truck and dairy equipment but that it is a bill for the cancellation and annulment of the bill of sale on the ground of fraud.

The answer of the Drawdys and the Orange Belt Land Exchange company denies all the material allegations of the bill, denied that they solicited the complainant to make the trade but averred that the complainant sought them, especially the Drawdy Realty Company, to find a purchaser for his live stock, truck and dairy equipment, and requested them to find a citrus grove property for him which he could pay for in whole or in part with his property; that all of their activities were in behalf of the complainant; admit

that the Marshall proposition failed of realization but denied that the execution of the bill of sale and mortgage was in furtherance of it or as part of it. It avers that complainant sold the live stock and truck and dairy equipment to the Drawdys and received therefor in payment the mortgage and notes of the Orange Belt Land Exchange Company and the same was a completed transaction. It avers also that the catle and other property at the time of the transaction were delivered into the possession of the Drawdys and that they were in possession of the same until the property was taken out of their possession by order of the court made in this cause. All conspiracy, deception and fraud are denied and the answer avers that the proposed trade with Lewis failed because the complainant after accepting that proposition refused to carry it out; that the dealings with both Marshall and Lewis were carried on at complainant's request and in his behalf by the defendants through the Drawdy Realty Company in an effort to procure for the complainant an orange grove on terms agreeable to him.

The answer also avers that the complainant about the time the bill in the case was filed, October 17, 1927, sought by tricks and force to repossess himself of the live stock and other property which he had sold, transferred and delivered to the Drawdys and to that end hired men to forcibly take the possession of it from them and they were not deprived of the possession of it until it was taken from them under an order of the court issued in this case. The answer contained a demurrer on the grounds that the bill was without equity, that complainant had a complete and adequate remedy at law, that as complainant had possession of the property there was no cloud on title nor would equity cancel the alleged fraudulent instruments, that neither A. S. Drawdy nor the Orange Belt Land Exchange, Inc., were proper parties as neither claims any interest in the personal property.

As a basis for affirmative relief in behalf of P. M. Drawdy and Arnie Drawdy it is averred that the sale and delivery of the property by the complainant to them was a completed transaction and they took possession of the live stock and other property and cared for it and had unmolested possession of it until about the time the suit was instituted, that they are being deprived of the proceeds and revenue arising from their ownership of the property, that if the complainant was in possession of the property as alleged he had complete and adequate protection against any action at law against him by the Drawdys; if not in possession his remedy at law was sufficient, and that by the order of the court the complainant is not restrained from disposing of the property. The defendants prayed that the complainant be required to keep an accurate account of the property and that he be required to pay over to the Drawdys all the proceeds and profits arising out of the use of it.

Testimony was taken and a final decree rendered. The bill was dismissed as to A. S. Drawdy, the demurrers of the other defendants overruled, the bill of sale from Speer to the Drawdys was found to be procured by fraud and was declared to be void, complainant was ordered to deliver up the notes and moragage of the Orange Belt Land Exchange, Inc., to the clerk of the court to be marked cancelled and the temporary restraining order which was granted against the defendants on the 26th of October, 1927, restraining them from asserting any claim to the live stock, truck and dairy equipment of the complainant or from molesting him in the possession of it was made permanent.

From that decree the Orange Belt Land Exchange, Inc., P. M. Drawdy and Arnie S. Drawdy appealed.

Only two assignments of error are discussed. Those numbered one and one A which attack the granting of the temporary injunction and number four which attacks the order overruling the demurrer to the bill which was incorporated in the answer.

If the demurrer was not well taken and the chancellor's decree without error on the merits the granting of the temporary injunction which was granted without requiring a bond of indemnity from the complainant becomes unimportant.

Under the fourth assignment of error it is contended in behalf of the appellants that the first, third, fourth and fifth grounds of the demurrer were well taken. These grounds attack the bill as being without equity; that the complainant has a complete and adequate remedy at law. The fourth and fifth grounds of the demurrer are mere amplifications of the second ground and more in the nature of argument in support of the proposition that the complainant has a complete and adequate remedy at law. In these grounds it is stated that if the complainant had possession of the property the defendants could make no valid sale of it and the complainant had a perfect legal defense against the defendants' claim if the allegations of the bill were true.

No attack is made in the brief upon the decree on the merits of the case. So the case narrows down to the questions if there was equity in the bill and whether the complainant had a complete or adequate remedy at law.

We are of the opinion that the bill was one to rescind a contract for the sale of personal property on the ground of fraud and not one to remove a cloud upon the title to personal property.

The complainant's written contract of sale was outstanding and in the hands of the defendants. Even though

possession of the property was not delivered to the alleged purchaser the written contract of sale constituted unexplained a transfer of the title to the defendants. Generally on execution and delivery of a bill of sale the property in the goods passes from the seller to the buyer and entitled the latter to the immediate possession provided the instrument evidences a present sale, properly identifies the goods and was not procured by fraud. If these elements concur actual delivery of the goods is not necessary to pass the property as between the parties. See Hutchins v. Gilchrist, 23 Vt. 82; Lucas v. Pittman, 94 Ala. 616, 10 So. R. 603; White v. McCracken, 60 Ark. 613, 31 So. W. R. 882; Crill v. Doyle, 53 Cal. 713, Richardson v. Kimball, 28 Me. 463; Philbrook v. Eaton, 134 Mass. 398; Williams v. Gray, 39 Mo. 201; Gwynn v. Hodge, 4 Jones Law (N. C.) 168; 35 Cyc. 336, 24 R. C. L. 17.

But the defendants averred in their answer that the possession of the property was delivered to them. That averment in the answer must be taken in connection with the transaction as an element in it because the defendants are bound by their own averments and the demurrer in so far as it affects that phase of the transaction involving delivery of the property to defendants upon execution of the contract of sale must be considered as overruled by the answer. While it is true that the English Chancery Rules have been modified in this country to the extent that a demurrer should not be overruled because the answer may extend to some part of the matter which may be covered by the demurrer, it is often difficult under the modern practice, which allows a demurrer to be incorporated in an answer, to determine the exact point at which the demurrer and answer meet. But in this case the demurrer goes to the whole equity of the bill and in so far as that equity involves the delivery of the property at the time of

sale the averment of the answer must be considered as binding upon the defendants for the purpose of determining the soundness of the demurrer.

Now the complainant sought relief· from a contract of sale of his personal property the possession of which had passed under the sale to defendants. The relief is asked upon the ground of fraud. The allegations are sufficiently clear and meet the requirements of certainty and the remedy which the complainant seeks is allowable in equity. See Hirschman v. Hodges, 59 Fla. 517, 51 So. R. 550; International Realty Associates v. McAdoo, 87 Fla. 1, 99 So. R. 117; 1 Puterbaugh Chancery Pleading & Practice (7 Ed) 24.

The decree in so far as it rests upon the facts disclosed by the evidence is not attacked.

The decree is, therefore, affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.