149 So.2d 592 (1963)
John Taylor BIBB, Appellant,
v.
Rose Linnea BICKFORD, formerly known as rose Linnea Stone and Rose L. Bibb, Appellee.
No. D-346.
District Court of Appeal of Florida. First District.
January 17, 1963.
*593 Gordon W. Wells of Wells & Crowell, Pensacola, for appellant.
Bert Lane, of Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, for appellee.
WIGGINTON, Judge.
Plaintiff has appealed a decree dismissing with prejudice his complaint in equity. The sole question presented is whether the complaint states a cause of action.
By his complaint plaintiff alleges that when he was three years of age his mother was declared incompetent and placed in an institution in their home state of New Jersey, where she remained until the time of her death. Thereafter plaintiff, his father and defendant moved to Florida where they lived together as a family unit until the death of his father on February 20, 1951. Plaintiff's father and defendant told him that they had married each other in Mexico. The father left a will in which he devised his entire estate to defendant. During the years of this family relationship plaintiff believed his mother to be dead, and after his father's death he inquired of defendant regarding this matter in response to which he was told that his mother had died quite some time ago. Plaintiff's father's estate was fully administered and closed by order of the County Judge of Escambia County on April 22, 1952. It was not until December, 1960 that plaintiff learned from a relative that his mother had died only three months prior to receiving this information. Investigation revealed that plaintiff's mother had not died many years before the death of his father as told to him by defendant, but as an adjudged incompetent was residing in an institution in New Jersey at the time of the father's death and at all times subsequent thereto until September, 1960. The complaint alleges upon information and belief that defendant was not the legal wife of his father at the time of the latter's death, and that the father's marriage to plaintiff's mother had never been legally dissolved. No guardian or other representative was ever appointed for plaintiff's mother during the period of her incompetency and due to this fact, coupled with plaintiff's ignorance that she was alive at the time of his father's death, no election to take dower in the estate of her deceased husband was made on her behalf. The complaint charges that because of the false and fraudulent misrepresentations made to him by defendant regarding the prior death of his mother he has been injured to the extent of the interest which he would have inherited from his mother had dower in his father's estate been set aside to his mother following the *594 father's death. The complaint prays that plaintiff be awarded an interest in the estate devised to defendant under his father's will in such amount as will represent the dower to which his mother would have been entitled if she had filed an election at the appropriate time to claim dower in the estate following her husband's death.
The statute relating to dower which was in effect at the time plaintiff's father died on February 20, 1951, provides that to entitle a widow to dower, she must so elect by an instrument in writing, signed and acknowledged by her and filed in the office of a county judge in whose court the estate of the deceased husband is being administered within nine months after the first publication of notice to creditors.[1] The right of a widow to make an election to take dower under this statute is a personal right which may be exercised only by her, or on her behalf by a Court of Equity upon the petition of her guardian.[2] Such right is extinguished upon the death of the widow in the event the election is not made by her prior to her demise.[3] Even should it be conceded, a point which we will hereafter discuss, that the complaint sufficiently alleges such facts as would toll the statutory requirement that an election to take dower be filed within nine months after the first publication of the notice to creditors, the death of plaintiff's mother extinguished all right to claim dower in the father's estate. Being a personal right vested only in her, no derivative right thereto vested in plaintiff under the statute in effect at the time of his father's death. We pause here to note that subsequent to the death of plaintiff's father the statute was amended so as to now authorize the guardian of an incompetent widow to file an election on her behalf to take dower in the estate of her deceased husband, with a derivative right vested in any person having a beneficial interest in the estate of a widow to so file an election within the time limited in the event she dies before an election is made.[4]
Reverting to the complaint filed by plaintiff it must be held that it is not sufficient to state a cause of action based upon fraud and deceit. The complaint fails to allege that defendant knew that plaintiff's mother was alive at the time of his father's death, but nevertheless withheld this information from him and fraudulently with intent to deceive, represented to plaintiff that the mother had been dead for many years prior to the death of his father. Furthermore the complaint fails to allege that plaintiff believed and relied to his detriment upon such fraudulent and false misrepresentations. It is well settled in this state that the mere false and fraudulent misrepresentations of one to another is not a sufficient basis for relief in equity unless it is alleged and proved that the person seeking relief believed and relied upon such representations to his detriment.[5]
For the foregoing reasons we conclude and so hold that the complaint fails to state a cause of action, and that the chancellor ruled properly in ordering it dismissed.
CARROLL, DONALD K., Chief Judge, and RAWLS, J., concur.
NOTES
[1] F.S. § 731.35, F.S.A.
[2] Edwards v. Edwards (Fla. 1958), 106 So.2d 558.
[3] Kearley et al. v. Crawford et al., 112 Fla. 43, 151 So. 293; see also 85 A.L.R. 856.
[4] F.S. § 731.35(3), F.S.A. In re Estate of Aron, deceased (Fla.App. 1960) 118 So.2d 546.
[5] Watson v. Jones, 41 Fla. 241, 25 So. 678; Wheeler v. Baars, 33 Fla. 696, 15 So. 584.